# Addendum

Case: 12-14992    Date Filed: 01/03/2014    Page: 2 of 108

B.C. (ON BEHALF OF J.C.), CLAIMANT-RESPONDENT v...., 2008 WL 4249797...



2008 WL 4249797 (DOL Ben.Rev.Bd.)
NOTE: This is an UNPUBLISHED BLA Document.

Benefits Review Board

United States Department of Labor

### B.C. (ON BEHALF OF J.C.), CLAIMANT-RESPONDENT
v.
### HORN CONSTRUCTION COMPANY, EMPLOYER-PETITIONER
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES
DEPARTMENT OF LABOR, PARTY-IN-INTEREST

BRB Nos. 07-0437 BLA
August 27, 2008

**\*1 DECISION and ORDER**
Appeal of the Decision and Order Awarding Living Miner's Benefits and Attorney Fee Order of Thomas M.
Burke, Administrative Law Judge, United States Department of Labor.

Joseph E. Wolfe (Wolfe, Williams & Rutherford), Norton, Virginia, for claimant.
Gregory J. Fischer (Pietragallo, Bosick & Gordon), Pittsburgh, Pennsylvania, for employer.

Before: SMITH, McGRANERY, and HALL, Administrative Appeals Judges.
PER CURIAM:

Employer appeals the Decision and Order Awarding Living Miner's Benefits and Attorney Fee Order
(05-BLA-0060) of Administrative Law Judge Thomas M. Burke rendered on a claim filed pursuant to the
provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969. as amended, 30 U.S.C. §901 *et
seq.* (the Act). This claim is currently being considered pursuant to the miner's second request for
modification.1 The administrative law judge credited the miner with twenty-three years of coal mine
employment2 based on the parties' stipulation. The administrative law judge found that the weight of the new
evidence established the existence of complicated pneumoconiosis pursuant to 20 C.F.R. §718.304, and that
claimant was therefore entitled to the irrebuttable presumption of total disability due to pneumoconiosis at
Section 411(c)(3) of the Act, 30 U.S.C. §921(c)(3). Accordingly, the administrative law judge awarded
benefits.3 In an Attorney Fee Order issued on July 18, 2007, the administrative law judge directed employer to
pay claimant's counsel a fee of $8,635.00 for legal services rendered to claimant while the case was pending
before the administrative law judge.

On appeal, employer challenges the administrative law judge's finding that claimant was entitled to the
irrebuttable presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. §718.304. Claimant
responds, urging the Board to affirm the administrative law judge's award of benefits. The Director, Office of
Workers' Compensation Programs, has declined to file a response brief in this appeal.

The Board's scope of review is defined by statute. The administrative law judge's Decision and Order must be
affirmed if it is rational, supported by substantial evidence, and in accordance with applicable law. 33 U.S.C.
§921(b)(3), as incorporated by 30 U.S.C. §932(a); *O'Keeffe v. Smith, Hinchman & Grylls Associates, Inc.,* 380
U.S. 359 (1965).

To be entitled to benefits under the Act, claimant must demonstrate by a preponderance of the evidence that he
is totally disabled due to pneumoconiosis arising out of coal mine employment. 30 U.S.C. §901; 20 C.F.R.
§§718.3, 718.202, 718.203, 718.204. Failure to establish any one of these elements precludes entitlement.
*Anderson v. Valley Camp of Utah, Inc.,* 12 BLR 1-111, 1-112 (1989).



**\*2** Section 725.310 (2000) provides that a party may request modification of an award or denial of benefits on the grounds that a change in conditions has occurred or because a mistake in a determination of fact was made in the prior decision. 20 C.F.R. §725.310(a) (2000). The United States Court of Appeals for the Fourth Circuit, within whose jurisdiction this case arises, has held that the administrative law judge has the authority to reconsider all the evidence for any mistake of fact. *Jessee v. Director, OWCP*, 5 F.3d 723, 18 BLR 2-26 (4th Cir. 1993). In determining whether modification is based on a change in conditions, an administrative law judge must perform an independent assessment of the newly submitted evidence, considered in conjunction with the previously submitted evidence, to determine if the weight of the new evidence is sufficient to establish at least one element of entitlement which defeated entitlement in the prior decision. *Nataloni v. Director, OWCP*, 17 BLR 1-82 (1993). As this claim was previously denied for failure to establish the presence of a totally disabling respiratory or pulmonary impairment, the administrative law judge properly considered whether the new evidence established this element of entitlement.

Section 411(c)(3) of the Act, implemented by Section 718.304 of the regulations, provides that there is an irrebuttable presumption of total disability due to pneumoconiosis if the miner suffers from a chronic dust disease of the lung which, (A) when diagnosed by chest x-ray, yields one or more large opacities (greater than one centimeter in diameter) classified as Category A, B, or C; (B) when diagnosed by biopsy or autopsy, yields massive lesions in the lung; or (C) when diagnosed by other means, is a condition that would yield results equivalent to (A) or (B). 30 U.S.C. §921(c)(3); 20 C.F.R. §718.304. The Fourth Circuit court has held that, "[b]ecause prong (A) sets out an entirely objective scientific standard" for diagnosing complicated pneumoconiosis, that is, an x-ray opacity greater than one centimeter in diameter, the administrative law judge must determine whether a condition which is diagnosed by biopsy or autopsy under prong (B) or by other means under prong (C) would show as a greater-than-one-centimeter opacity if it were seen on a chest x-ray. *Eastern Associated Coal Corp. v. Director, OWCP [Scarbro]*, 220 F.3d 250, 255, 22 BLR 2-93, 2-100 (4th Cir. 2000); *Double B Mining, Inc. v. Blankenship*, 177 F.3d 240, 243, 22 BLR 2-554, 2-561-62 (4th Cir. 1999). In determining whether claimant has established invocation of the irrebuttable presumption of total disability due to pneumoconiosis pursuant to Section 718.304, the administrative law judge must weigh together all of the evidence relevant to the presence or absence of complicated pneumoconiosis. *Lester v. Director, OWCP*, 993 F.2d 1143, 1145-46, 17 BLR 2-114, 2-117-18 (4th Cir. 1993); *Gollie v. Elkay Mining Corp.*, 22 BLR 1-306, 1-311 (2003); *Melnick v. Consolidation Coal Co.*, 16 BLR 1-31, 1-33-34 (1991)(*en banc*). In this case, the newly submitted evidence consisted of x-ray interpretations, autopsy evidence, and medical opinion evidence.



**\*3** Relevant to 20 C.F.R. §718.304(a), the administrative law judge considered four readings of two new x-rays. Drs. Ahmed and Barrett, Board-certified radiologists and B readers, read the February 26, 2003 x-ray as positive for Category A large opacities of complicated pneumoconiosis. Director's Exhibits 77, 78. Drs. Castle and Fino, B readers, read the October 8, 2003 x-ray as negative for complicated pneumoconiosis. Employer's Exhibits 2, 3. In light of the positive x-ray interpretations of the most highly-qualified readers, the administrative law judge determined that the weight of the new x-ray evidence supported a finding of complicated pneumoconiosis at 20 C.F.R. §718.304(a). Decision and Order at 6. Employer asserts that the administrative law judge failed to provide a rational basis for rejecting the more recent x-ray readings of Drs. Fino and Castle over the contrary readings of Drs. Ahmed and Barrett. Employer's Brief at 9. Contrary to employer's assertion, however, the administrative law judge reasonably determined that the two new x-rays were contemporaneous because they were taken less than eight months apart. Decision and Order at 6; *see Aimone v. Morrison Knudson Co.*, 8 BLR 1-32, 1-34 (1985)(holding that it was proper to find that eight months is not a significant period of time separating x-ray studies). The administrative law judge additionally explained that the positive readings of complicated pneumoconiosis by Drs. Ahmed and Barrett were entitled to greater weight than the contrary interpretations offered by Drs. Castle and Fino, because "Drs. Ahmed and Barrett possess superior qualifications on this record." Decision and Order at 6; *see Adkins v. Director, OWCP*, 958 F.2d 49, 52, 16 BLR 2-61, 2-66 (4th Cir. 1992); *Chaffin v. Peter Cave Coal Co.*, 22 BLR 1-294, 1-300 (2003). Substantial evidence supports these permissible findings. Consequently, we reject employer's assertion of error and affirm the administrative law judge's finding that the x-ray evidence supported a finding of complicated pneumoconiosis at Section 718.304(a).



Relevant to 20 C.F.R. §718.304(b), the administrative law judge considered an autopsy protocol, conducted by Dr. Wanger, and the reports of Drs. Perper and Bush. Dr. Wanger diagnosed "moderate pneumoconiosis with



Case: 12-14992   Date Filed: 01/03/2014   Page: 4 of 108

B.C. (ON BEHALF OF J.C.), CLAIMANT-RESPONDENT v...., 2008 WL 4249797...

retracted anthracotic scars." Employer's Exhibit 1. Dr. Perper reviewed the autopsy protocol and a single autopsy slide, and observed a fibro-anthracotic mass measuring more than one centimeter in one dimension. Director's Exhibit 95. Based on this evidence, Dr. Perper diagnosed complicated pneumoconiosis, explaining that the lesion was fully equivalent with a one-centimeter radiological opacity or larger because:

The further away in the body the anatomic lesion is away from the film plate (on which the patient lies) the larger the image projected on the film becomes. For this reason an anatomic-pathologic lesion observed on direct examination can only be its size or larger on a radiological film.

*4 Director's Exhibit 95. Dr. Bush offered a contrary opinion, explaining that the largest fibrotic lesion present measured "1.0 x 0.5 cm," and because the lesion was less than one centimeter in one dimension, it would not appear as one centimeter or larger on x-ray. Employer's Exhibits 4, 5.

Considering this evidence, the administrative law judge determined that Dr. Wanger's report was not probative of the existence of complicated pneumoconiosis, because it "[did] not contain sufficient observations to support, or exclude, a finding of complicated pneumoconiosis under §718.304(b) of the regulations." Decision and Order at 7. Further, the administrative law judge credited Dr. Perper's diagnosis of complicated pneumoconiosis over Dr. Bush's contrary opinion, because Dr. Perper's qualifications were superior to those of Dr. Bush, and because Dr. Perper's opinion was better supported by the positive x-ray evidence of large opacities. Decision and Order at 12-14. Thus, the administrative law judge found that the weight of the autopsy evidence supported a finding of complicated pneumoconiosis at 20 C.F.R. §718.304(b).

Employer challenges the administrative law judge's findings, initially asserting that, in discounting Dr. Wanger's autopsy protocol, the administrative law judge impermissibly substituted his opinion for that of a medical expert. Employer's Brief at 7. Specifically, employer states that, because Dr. Wanger acknowledged the presence of pneumoconiosis in the miner's lung tissue, his silence on the issue of complicated pneumoconiosis "cannot be considered as anything but an opinion that complicated pneumoconiosis is not present in this case." *Id.* We disagree. The administrative law judge had to determine whether Dr. Wanger diagnosed "massive lesions." 20 C.F.R. §718.304(b). Further, the administrative law judge accurately summarized Dr. Bush's opinion that Dr. Wanger's autopsy findings were "medically inadequate to evaluate for the presence or absence of complicated disease," because Dr. Wanger did not indicate the dimensions of any observed pneumoconiotic nodules. Decision and Order at 10; Employer's Exhibit 4. Contrary to employer's assertion, therefore, the administrative law judge permissibly found that Dr. Wanger's report failed to provide a basis for determining whether the miner suffered from massive lesions as outlined by the criteria of 20 C.F.R. §718.304(b). *See Scarbro*, 220 F.3d at 255, 22 BLR at 2-100. Moreover, the administrative law judge relied on the pathologists' relative qualifications to resolve the autopsy evidence, and Dr. Wanger's qualifications are not of record. We therefore reject employer's allegation that the administrative law judge erred in his analysis of Dr. Wanger's report.

Employer additionally asserts that the administrative law judge erred in crediting Dr. Perper's opinion over the contrary opinion of Dr. Bush. Specifically, employer alleges that Dr. Perper's opinion is legally insufficient to establish complicated pneumoconiosis, because Dr. Perper did not "identify the presence of 'massive lesions' in the miner's lung tissue." Employer's Brief at 13. Employer further asserts that Dr. Perper's opinion is not well-reasoned, because Dr. Perper failed to cite any medical literature in support of his statement that a pathological lesion measuring more than one centimeter would be its size or larger on x-ray. *Id.* at 12. Employer also asserts that the administrative law judge failed to state a valid reason for crediting Dr. Perper's opinion over the contrary opinion of Dr. Bush, because it is unclear how Dr. Perper's additional Board-certification in Forensic Pathology makes him more of an expert in diagnosing complicated pneumoconiosis than is Dr. Bush, who is Board-certified in Anatomic and Clinical Pathology. *Id.* at 12-13.

*5 For the reasons that follow, we reject employer's assertions of error. Initially, a diagnosis of progressive massive fibrosis is equivalent to a diagnosis of "massive lesions." *Perry v. Mynu Coals, Inc.*, 469 F.3d 360, 366, 23 BLR 2-374, 2-387 (4th Cir. 2006). In the instant case, the administrative law judge accurately noted that Dr. Perper diagnosed progressive massive fibrosis. Decision and Order at 9; Director's Exhibit 95. Contrary to employer's assertion, therefore, Dr. Perper's opinion sufficiently identified the presence of massive lesions in

Case: 12-14992    Date Filed: 01/03/2014    Page: 5 of 108

B.C. (ON BEHALF OF J.C.), CLAIMANT-RESPONDENT v...., 2008 WL 4249797...

the miner's lungs. Further, the administrative law judge accurately noted that Dr. Perper is Board-certified in Anatomical, Surgical, and Forensic Pathology, and his diagnosis of progressive massive fibrosis was based on a 1.3 cm. x 0.8 cm. lesion, coupled with his expert opinion that lesions on autopsy of one centimeter or more are fully equivalent with radiological lesions of one centimeter or larger. Decision and Order at 9-10; Director's Exhibit 95. Substantial evidence supports these findings. Thus, contrary to employer's assertion, the administrative law judge permissibly found Dr. Perper's opinion to be reasoned. *See Scarbro,* 220 F.3d at 255, 22 BLR at 2-100; *see also Island Creek Coal Co. v. Compton,* 211 F.3d 203, 211, 22 BLR 2-162, 2-175 (4th Cir. 2000). Lastly, we note that the administrative law judge's determination to credit Dr. Perper's opinion over that of Dr. Bush was not based solely on Dr. Perper's certification in Forensic Pathology. In finding that Dr. Perper's qualifications were superior to those of Dr. Bush, the administrative law judge additionally noted that Dr. Perper is "active in his field."4 Decision and Order at 13. Substantial evidence supports this finding. Moreover, the administrative law judge also found, within his discretion, that Dr. Perper's opinion was entitled to greater weight than Dr. Bush's contrary opinion, because it was better supported by the x-ray evidence. Decision and Order at 13; *see Scarbro,* 220 F.3d at 255, 22 BLR at 2-100. Substantial evidence supports this finding. Therefore, contrary to employer's assertion, the administrative law judge stated a valid reason for crediting Dr. Perper's opinion over that of Dr. Bush. *See Grizzle v. Pickands Mather & Co.,* 994 F.2d 1093, 1096, 17 BLR 2-123, 2-127 (4th Cir. 1993); *Burns v. Director. OWCP,* 7 BLR 1-597, 1-599 (1984); *see also Kozele v. Rochester & Pittsburgh Coal Co.,* 6 BLR 1-378 (1983). We therefore affirm the administrative law judge's finding that the pathology reports support a finding of complicated pneumoconiosis at Section 718.304(b).

Relevant to 20 C.F.R. §718.304(c), the administrative law judge considered the opinions of Drs. Castle and Fino, who offered opinions as pulmonologists. Both physicians opined that the miner did not suffer from complicated pneumoconiosis or a totally disabling respiratory impairment. Employer's Exhibits 2, 3. The administrative law judge discounted their opinions, however, finding that Drs. Castle and Fino "based a finding of no complicated pneumoconiosis on their chest x-ray interpretations, which were outweighed by the interpretations of Drs. Ahmed and Barrett of a contemporaneous study." Decision and Order at 12. Employer asserts that the administrative law judge engaged in selective analysis, because both physicians' opinions were additionally based on the miner's lifetime objective studies. Employer's Brief at 10. Contrary to employer's assertion, the administrative law judge noted that Drs. Castle and Fino based their opinions as to the nonexistence of complicated pneumoconiosis in part upon objective tests demonstrating the absence of a totally disabling pulmonary impairment. Decision and Order at 7-8, 14 n.5; Employer's Exhibits 2, 3. However, the administrative law judge properly found that the most objective measure of whether complicated pneumoconiosis is present, under Fourth Circuit law, is the chest x-ray. *Scarbro,* 220 F.3d at 258, 22 BLR at 2-104. Moreover, the administrative law judge permissibly concluded that normal pulmonary function tests do not preclude a finding of statutory complicated pneumoconiosis. *See Scarbro,* 220 F.3d at 257-57, 22 BLR 2-103-04 (holding that the statute does not incorporate a medical definition of complicated pneumoconiosis). We therefore affirm the administrative law judge's credibility determinations at Section 718.304(c). *See Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 441, 21 BLR 2-269, 2-274 (4th Cir. 1997).

*6 Considering all relevant evidence together pursuant to 20 C.F.R. §718.304, the administrative law judge determined that the pathology and x-ray evidence established the existence of complicated pneumoconiosis. Decision and Order at 14. Because the opinions of Drs. Castle and Fino did not undermine this finding, the administrative law judge concluded that the miner was entitled to the irrebuttable presumption of total disability due to complicated pneumoconiosis at Section 411(c)(3) of the Act, 30 U.S.C. §921(c)(3). *Id.* Employer asserts that the administrative law judge did not weigh all of the evidence together prior to invoking the presumption of complicated pneumoconiosis. Employer's Brief at 8. Contrary to employer's assertion, the administrative law judge specifically stated that "Drs. Ahmed and Barrett, physicians with superior radiological qualifications, found a size A opacity on x-ray and this is consistent with Dr. Perper's opinion." Decision and Order at 14. Thus, the administrative law judge considered the x-ray readings together with the autopsy evidence. *See Scarbro,* 220 F.3d at 256, 22 BLR at 2-101; *Lester v. Director. OWCP,* 993 F.2d 1143, 1146, 17 BLR 2-114, 2-118 (4th Cir. 1993); *Melnick v. Consolidation Coal Co.,* 16 BLR 1-31, 1-33 (1991)(*en banc*). We therefore affirm the administrative law judge's finding that claimant was entitled to the irrebuttable presumption of total disability due to pneumoconiosis at Section 411(c)(3) of the Act, 30 U.S.C. §921(c)(3).5

In light of our determination to affirm the administrative law judge's finding that invocation of the irrebuttable



presumption of total disability due to pneumoconiosis was established, we affirm the administrative law judge's decision to grant modification based on a change in conditions pursuant to 20 C.F.R. §725.310 (2000). *See Lane Hollow Coal Co. v. Director, OWCP [Lockhart]*, 137 F.3d 799, 802-03, 21 BLR 2-302, 2-311-12 (4th Cir. 1998). Further, as claimant has established each element of entitlement, we affirm the administrative law judge's award of benefits.

## ATTORNEY FEE ORDER

Employer also appeals the administrative law judge's Attorney Fee Order awarding claimant's counsel $8,635.00 for services rendered. The administrative law judge awarded $400.00 per hour for the 18.9 hours of work done by Joseph E. Wolfe, Esq., $250.00 per hour for 2.0 hours of work performed by Bobby S. Belcher, Jr., and $100.00 per hour for 5.75 hours of work performed by legal assistants. On appeal, employer contends that the administrative law judge's attorney's fee award is excessive.

The award of an attorney's fee is discretionary and will be upheld on appeal unless shown by the challenging party to be arbitrary, capricious, or an abuse of discretion, *Jones v. Badger Coal Co.*, 21 BLR 1-102 (1998) *(en banc)*; *Abbott v. Director, OWCP*, 13 BLR 1-15 (1989).

Employer asserts that the administrative law judge abused his discretion in awarding hourly rates of $400.00 and $250.00 to Attorneys Wolfe and Belcher. In support of his request for the above-mentioned hourly rates, claimant's counsel represented that the practice of Black Lung Law is very limited and, to his knowledge, his is the only law firm in Virginia that is taking new Black Lung cases. Counsel additionally explained that because his firm's other work is done on a contingency basis, he does not have a usual hourly rate. Fee Petition at 3. Thus, he stated that the only source for hourly rate comparison was the Altman-Weil *Survey of Law Firm Economics 2006 Edition*, (Survey), which provided that the hourly rates for attorneys in the South Atlantic Region with thirty-one or more years' experience ranged from $346.00 to $463.00, and hourly rates for attorneys with sixteen to twenty years of experience ranged from $307.00 to $415.00. Counsel's fee petition stated that the Survey was attached.



*7 Based on the Survey, Attorney Wolfe's experience of over thirty-one years, and Attorney Belcher's experience of over sixteen years, the administrative law judge determined that the requested hourly rates of $400.00 and $250.00, respectively, were reasonable. Attorney Fee Order at 2; *see* 20 C.F.R. §725.366(b); *Pritt v. Director, OWCP*, 9 BLR 1-159 (1986). Although employer asserts that the rates presented in the Survey are the averaged rates of a variety of law practices, Employer's Brief Regarding the Order Awarding Attorney's Fees at 5-6, employer fails to demonstrate any abuse of discretion by the administrative law judge. *See generally Lanning v. Director, OWCP*, 7 BLR 1-314 (1984). The administrative law judge further determined that, considering "the nature of the issues involved, the degree of skill with which claimant was represented, the amount of time and work involved, and other relevant factors," the fee of $8,675.00 was reasonable. Fee Order at 2; *see* 20 C.F.R. §725.366(b). Because employer has failed to demonstrate that the administrative law judge's ruling is arbitrary, capricious, or an abuse of discretion, *Abbott*, 13 BLR at 1-16, and since his determination to award claimant's counsel the hourly rates of $400.00 and $250.00 appears reasonable, it is affirmed. Consequently, we affirm the administrative law judge's award of a fee of $8,635.00.

Accordingly, the administrative law judge's Decision and Order Awarding Living Miner's Benefits and Attorney Fee Order are affirmed.

SO ORDERED.

ROY P. SMITH
Administrative Appeals Judge
REGINA C. McGRANERY
Administrative Appeals Judge
BETTY JEAN HALL
Administrative Appeals Judge



**B.C. (ON BEHALF OF J.C.), CLAIMANT-RESPONDENT v...., 2008 WL 4249797...**

Footnotes

1    The miner, J.C., filed the instant claim for benefits on May 16, 1997. On February 25, 1998, an administrative law judge denied the claim because the evidence failed to demonstrate a totally disabling respiratory impairment. Director's Exhibit 41. The Board affirmed the denial of benefits on March 23, 1999. Director's Exhibit 45. On January 28, 2000, the miner requested modification. Director's Exhibit 46. An administrative law judge denied the request on October 5, 2001. Director's Exhibit 71. The Board affirmed the denial of benefits on July 24, 2002. Director's Exhibit 76. On July 15, 2003, the miner filed the instant request for modification by filing new x-ray evidence indicating the presence of complicated pneumoconiosis. Director's Exhibit 77. While the modification request was pending before the administrative law judge, the miner died of a gunshot wound to the head on January 11, 2004. Director's Exhibit 85. An autopsy was conducted. The miner's widow now pursues his claim. *Id.*

2    The law of the United States Court of Appeals for the Fourth Circuit is applicable as the miner was last employed in the coal mining industry in West Virginia. *See Shupe v. Director, OWCP,* 12 BLR 1-200 (1989)(*en banc*).

3    Although the administrative law judge did not make an express finding of a change in conditions pursuant to 20 C.F.R. §725.310 (2000), he found that the onset date of the award of benefits was established by the positive interpretations of the February 2003 x-ray that were submitted in the miner's second request for modification, and which represented the earliest evidence of complicated pneumoconiosis. Decision and Order at 14-15. Thus, implicit in the administrative law judge's analysis was a determination that a change in conditions was established. *See* 20 C.F.R. §725.503(d)(2). No party suggests otherwise on appeal.

4    By contrast, the record reflects that Dr. Bush retired from practice in 1998 and currently performs only autopsy slide reviews and case summaries at the request of employers. Decision and Order at 13; Director's Exhibit 95; Employer's Exhibit 5 at 8, 20-25.

5    Although the administrative law judge did not address whether claimant's complicated pneumoconiosis arose out of coal mine employment at 20 C.F.R. §718.203 as required, *see Daniels Co. v. Mitchell,* 479 F.3d 321, 24 BLR 2-1 (4th Cir. 2007), employer does not challenge this aspect of the administrative law judge's decision. Further, the administrative law judge determined that the miner established twenty-three years of coal mine employment based on the parties' stipulation. Decision and Order at 3. Claimant was therefore entitled to the rebuttable presumption that the miner's complicated pneumoconiosis arose out of coal mine employment at Section 718.203(b). As discussed *infra*, the administrative law judge permissibly discounted employer's evidence, which would have been necessary to rebut the presumption.

### 2008 WL 4249797 (DOL Ben.Rev.Bd.)

End of Document    © 2012 Thomson Reuters. No claim to original U.S. Government Works.



No. 11-3500

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Dec 05, 2012*
DEBORAH S. HUNT, Clerk

CUMBERLAND RIVER COAL COMPANY,  )
                                )
    Petitioner,                 )
                                )
v.                              )   O R D E R
                                )
BILLIE BANKS; DIRECTOR, OFFICE OF  )
WORKERS' COMPENSATION           )
PROGRAMS, UNITED STATES; UNITED )
STATES DEPARTMENT OF LABOR,     )
                                )
    Respondents.                )

     This cause comes before the court upon an application by attorney Joseph E. Wolfe, counsel for the respondent Billie Banks, for an award of attorney fees under Section 28 of the Longshore and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 928, as incorporated in the Black Lung Act, as amended, 30 U.S.C. § 932(a). Counsel has requested a total of $14,331.25, which includes seven hours of Wolfe's time at the rate of $300 per hour, 51.25 hours of time performed by his associate, Ryan C. Gilligan, at the rate of $225 per hour, and seven hours of legal assistant time at the rate of $100 per hour. The petitioner has filed no objection to the fee application.

     Upon review of the application, the court finds that the request is justified in this case by counsel's qualifications, his expertise in the area of Black Lung law, and the issues presented before this court on appeal. Therefore, the court awards fees in the amount of $14,331.25.

ENTERED BY ORDER OF THE COURT

Clerk

## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

100 EAST FIFTH STREET, ROOM 540

Deborah S. Hunt
Clerk

POTTER STEWART U.S. COURTHOUSE
CINCINNATI, OHIO 45202-3988

Tel. (513) 564-7000
www.ca6.uscourts.gov

Filed: December 05, 2012

Mr. Sean Bajkowski
U.S. Department of Labor
200 Constitution Avenue, N.W.
Suite N-2117
Washington, DC 20210

Mr. Ronald Eugene Gilbertson
Husch Blackwell
750 Seventeenth Street, N.W.
Suite 900
Washington, DC 20006

Mr. Ryan Christopher Gilligan
Wolfe, Williams, Rutherford & Reynolds
P.O. Box 625
Norton, VA 24273

Ms. Emily Goldberg-Kraft
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2117
Washington, DC 20210

Ms. Patricia May Nece
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
Room N-2117
Washington, DC 20210

Mr. Joseph E. Wolfe
Wolfe, Williams, Rutherford & Reynolds
P.O. Box 625
Norton, VA 24273

> Re:  Case No. 11-3500, *Cumberland River Coal Company v. Billie Banks, et al*
>       Originating Case No. : 10-0410 BLA

Dear Sir or Madam,

The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Jill Colyer
Case Manager
Direct Dial No. 513-564-7024

cc:  Thomas O. Shepherd Jr.

Enclosure

Case No. 12-3037

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

## ORDER

MCCOY ELKHORN COAL CORPORATION;
JAMES RIVER COAL COMPANY

      Petitioners

v.

VERNIE DOTSON;
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES;

      Respondents

Upon consideration of the respondent's motion for attorney fees, filed by Joseph E. Wolfe for

Ms. Vernie Dotson, and petitioners' response of no objection to the requested fee amount,

It is **ORDERED** that the motion is **GRANTED**.

            **ENTERED BY ORDER OF THE COURT**
            Deborah S. Hunt, Clerk

Issued: July 25, 2013

Case: 12-14992  Date Filed: 01/03/2014  Page: 12 of 108

No. 11-3525

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WHITAKER COAL CORPORATION; SUN COAL COMPANY, INC., | ) ) ) | **FILED**<br>***Jul 12, 2012***<br>**LEONARD GREEN, Clerk** |
| Petitioners, | ) ) | |
| v. | ) ) | O R D E R |
| DON HACKER; DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, | ) ) ) ) | |
| Respondents. | ) ) | |

This cause comes before the court upon an application by attorney Joseph E. Wolfe, counsel for the respondent Don Hacker, for an award of attorney fees under Section 28 of the Longshore and Harbor Workers' Compensation Act, as amended, 22 U.S.C. § 928, as incorporated in the Black Lung Act, as amended, 20 U.S.C. § 932(a). Counsel has requested a total of $6131.25, which includes 2.25 hours of Wolfe's time at the rate of $300 per hour, and 24.25 hours of time performed by his associate, Ryan C. Gilligan, at the rate of $225 per hour. The petitioner has filed no objection to the fee application.

Upon review of the application, the court finds that the request is justified in this case by counsel's qualifications, his expertise in the area of Black Lung law, and the issues presented before this court on appeal. Therefore, the court awards fees in the amount of $6,131.25.

ENTERED BY ORDER OF THE COURT

*Leonard Green*

Clerk

82177

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 10-107 BLA
Case No. 08-BLA-5586

DANA T. NAPIER                                     )
                                                   )
            Claimant-Respondent                    )    DATE ISSUED: _____ MAR 28 2012 _____
                                                   )
       v.                                          )
                                                   )
HMN & S COAL COMPANY                               )
                                                   )
       and                                         )
                                                   )
WEST VIRGINIA COAL WORKERS'                        )
PNEUMOCONIOSIS FUND                                )
                                                   )
            Employer/Carrier-                      )
            Petitioner                             )
                                                   )
DIRECTOR, OFFICE OF WORKERS'                       )
COMPENSATION PROGRAMS, UNITED                      )
STATES DEPARTMENT OF LABOR                         )
                                                   )
            Party-in-Interest                      )    ORDER

RECEIVED

APR 0 2 2012

WOLFE, WILLIAMS, RUTHERFORD & REYNOLD:

        Counsel for claimant has filed a complete itemized statement, requesting a fee for services performed in this appeal pursuant to 20 C.F.R. §802.203. Counsel requests a fee of $3,356.50, representing $1,650 for 5.50 hours of legal services performed by Joseph Wolfe, Esq. at an hourly rate of $300.00, $1,406.50 for 6.25 hours of legal services rendered by Ryan Gilligan, Esq. at an hourly rate of $225, $300 for 3 hours of legal assistant services at an hourly rate of $100.00.

        Employer has filed objections to counsel's fee petition. Employer argues that the hourly rates of both Mr. Wolfe and Mr. Gilligan are not supported by market evidence. Employer submits that the hourly rate should be reduced to $250 for Mr. Wolfe and $175 for Mr. Gilligan. Employer further challenges counsel's charges for work that is clerical in nature, and for work that is duplicative.

In his fee petition and supporting affidavit, Mr. Wolfe notes that his hourly rate is $300 and Mr. Gilligan's hourly rate is $225. Counsel then provided numerous examples of fee awards that they have received from the Office of the Administrative Law Judges, in which the rates of $300 and $175 have been awarded. The United States Court of Appeals for the Fourth Circuit has recognized that evidence of fees received in the past may be an appropriate consideration in establishing a market rate. *Westmoreland Coal Co. v. Cox* 602 F.3d 276, 24 BLR 2-269 (4th Cir. 2010). Moreover, in support of their hourly rates, claimant's counsel also provided sufficient evidence of their expertise and experience in the field of black lung litigation. *See Newport New Shipbuilding & Dry Dock Co. v. Holiday,*591 F. 3d 219, 228, 43 BRBS 67, 71 (CRT) (4th Cir. 2009); *B&G Mining, Inc. v. Director, OWCP [Bentley]*, 522 F.3d 657, 24 BLR 2-106 (6th Cir. 2008), *Maggard v. Int'l Coal Group, Knott County, LLC*, 24 BLR 1-204 (2010), *Bowman v. Bowman Coal Co*, 24 BLR 1-167 (2010). We therefore find that claimant's counsel has provided sufficient market rate evidence for attorneys of their expertise and experience. Consequently, we approve the hourly rates requested by Mr. Wolfe and Mr. Gilligan. 20 C.F.R. §802.203(d), (c).

Next, employer objects to the time entries requested on September 14, 2009 (1st, 2nd and 4th entries), September 15, 2009, October 19, 2009, November 15, 2009, January 13, 2010, and March 7, 2010, as duplicative, clerical in nature, or excessive for the task described. We agree with employer that the services performed on September 14, 2009, September 15, 2009, October 19, 2009 and January 13, 2010, are clerical in nature. Consequently, we disallow 1.50 hours for these services, performed by the legal assistant. *See Whitaker v. Director*, OWCP 9 BLR 1-216 (1986). The Board finds the services performed by counsel on November 15, 2009 and March 7, 2010, to be reasonable and necessary to the prosecution of the claim, and thus allows them. 20 C.F.R. §802.203(e).

In all other respects, the Board finds the requested fee to be reasonable and commensurate with the necessary services performed in defending claimant's award of benefits. Accordingly, the Board approves a fee of $3,206.50, to be paid directly to claimant's counsel by employer. 33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a); 20 C.F.R. §802.203.

ROY P. SMITH
Administrative Appeals Judge

REGINA C. McGRANERY
Administrative Appeals Judge

BETTY JEAN HALL
Administrative Appeals Judge

# CERTIFICATE OF SERVICE

2010-0107-BLA Mr. Dann T. Napier v. Hmn & S Coal Company, Inc., Wv Coal Workers' Pneumoconiosis Fund. Director, Office of Workers' Compensation Programs (Case No. 08-BLA-5586)

I certify that the parties below were served this day.

MAR 28 2012

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Joseph E. Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
--*Certified*

Sarah M. Hurley, Esq.
Office of the Solicitor
U.S. Department of Labor
Suite N-2117, FPB
Washington, DC 20210

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

Wendy G. Adkins, Esq.
Jackson Kelly PLLC
150 Clay Street
Suite 500
P.O. Box 619
Morgantown, WV 26507
--*Certified*

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 11-213 BLA
Case No. 07-BLA-5533

| | |
|---|---|
| CHARLES SCOTT | ) |
| | ) |
| Claimant-Respondent | )  DATE ISSUED: _____ MAR 30 2012 |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES STEEL | ) |
| CORPORATION | ) |
| | ) |
| Employer-Petitioner | ) |
| | ) |
| DIRECTOR, OFFICE OF WORKERS' | ) |
| COMPENSATION PROGRAMS, UNITED | ) |
| STATES DEPARTMENT OF LABOR | ) |
| | ) |
| Party-in-Interest | )  ORDER |

Counsel for claimant has filed a complete itemized statement, requesting a fee for services performed in this appeal pursuant to 20 C.F.R. §802.203. Counsel requests a fee of $3,250 representing $825 for 2.75 hours of legal services rendered at an hourly rate of $300, $2,250 for 10 hours of legal services at the hourly rate of $225, and $175 for 1.75 hours performed by counsel's legal assistant.

Employer objects to counsel's hourly rate as excessive and not market based.

The Board rejects employer's contention that counsel's fee petition is excessive and not market based. In support of his fee petition, claimant's counsel provides numerous examples of fee awards they have received from the Office of Administrative Law Judges, at the hourly rates of $300 and $225 respectively. The United States Court of Appeals for the Fourth Circuit recognized that evidence of fees received in the past may be used in establishing a market rate. *See Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 24 BLR 2-269 (4th Cir. 2010). In support of the requested hourly rates, claimant's counsel also provides evidence of their expertise and experience in the field of black lung litigation. *See Newport*

*News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 228, 43 BRBS 67, 71 (CRT) (4th Cir. 2009); *B&G Mining, Inc. v. Director*, OWCP *[Bentley]*, 522 F.3d 657, 24 BLR 2-106 (6th Cir. 2008), *Maggard v. International Coal Group, Knott County, LLC*, 24 BLR 1-204 (2010), *Bowman v. Bowman Coal Co., Inc.*, 24 BLR 167 (2010). We therefore find that claimant's counsel has provided sufficient market rate evidence for attorneys of their expertise and experience. Consequently, we approve the requested hourly rates of $300 and $225.

In all other respects, the Board finds the requested fee to be reasonable and commensurate with the necessary services performed in defending claimant's award of benefits. Accordingly, the Board approves a fee of $3,250 to be paid directly to claimant's counsel by employer. 33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a); 20 C.F.R. §802.203.

ROY P. SMITH
Administrative Appeals Judge

REGINA C. McGRANERY
Administrative Appeals Judge

BETTY JEAN HALL
Administrative Appeals Judge

# CERTIFICATE OF SERVICE

2011-0213-BLA Mr. Charles E. Scott v. U.S. Steel Mining Company, Llc, Director, Office of Workers' Compensation Programs (Case No. 07-BLA-5533)

I certify that the parties below were served this day.

MAR 30 2012

(DATE)

*Thomas O. Shepherd*

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Emily Goldberg-Kraft, Esq.
U.S. Department of Labor
Office of the Solicitor
200 Constitution Avenue, N.W.
N-2117
Washington, DC 20210

Howard G. Salisbury, Jr., Esq.
Kay Casto & Chaney PLLC
P.O. Box 2031
Charleston, WV 25327
--*Certified*

Joseph E. Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
--*Certified*

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB No. 11-166 BLA
Case No. 09-BLA-5849

PANSY SPARKS (Widow of            )
WADE SPARKS)                      )
                                  )
          Claimant-Respondent     )  DATE ISSUED:    **DEC 2 1 2011**
                                  )
     v.                           )
                                  )
CONSOLIDATION COAL                )
COMPANY                           )
                                  )
          Employer-Petitioner     )
                                  )
DIRECTOR, OFFICE OF WORKERS'      )
COMPENSATION PROGRAMS,            )
UNITED STATES DEPARTMENT          )
OF LABOR                          )
                                  )
          Party-in-Interest       )  ORDER

     Claimant's counsel has filed an itemized statement requesting a fee for services
performed in this appeal pursuant to 20 C.F.R. §802.203. Counsel requests a total fee of
$3,175 representing $1,200 for 4 hours of legal services performed by Joseph E. Wolfe,
Esq., at an hourly rate of $300, $1,800, for 8 hours of services performed by Ryan C.
Gilligan, Esq. at the hourly rate of $225 and $175 for 1.75 hours of service performed by
counsel's legal assistants at an hourly rate of $100.

     Employer has objected to some of the services claimed as clerical and duplicative.
Specifically, employer challenges the .50 hour of services rendered by (BSX) on December 4
2010, as clerical in nature. Also .50 hour of services claimed on December 30, 2010, and
January 19, 2011, by (TGM) as duplicative. The Board agrees with employer that the .50
hours claimed on December 4, 2010, the .25 claimed on December 30, 2010, and the .25
claimed January 19, 2011, are clerical in nature and should be disallowed.

1

In all other respects, the Board finds the remaining time to be reasonable and commensurate with the necessary services performed in defending the award of benefits to claimant.

Accordingly, the Board awards a fee of $ 3,075 to be paid directly to claimant's counsel by the employer. 33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a): 20 C.F.R. §802.203.


ROY P. SMITH
Administrative Appeals Judge


REGINA C. McGRANERY
Administrative Appeals Judge


BETTY JEAN HALL
Administrative Appeals Judge

2

## CERTIFICATE OF SERVICE

2011-0166-BLA Pansy L. Sparks (Widow of Wade C. Sparks) v. Consolidation Coal Company, Director, Office of Workers' Compensation Programs (Case No. 09-BLA-5849)

I certify that the parties below were served this day.

DEC 2 1 2011

*Thomas O. Shepherd*

(DATE)

Thomas O. Shepherd, Jr.
Clerk of the Board

Joseph E.Wolfe Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
    --Certified

Ms. Helen H.Cox Esq.
Office of the Solicitor
U.S. Department of Labor
200 Constitution Ave., Suite N-2117
Washington, DC 20210

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

Wendy G.Adkins Esq.
Jackson Kelly PLLC
150 Clay Street
Suite 500
P.O. Box 619
Morgantown, WV 26507
    --Certified

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601



BRB Nos. 10-667 BLA
10-668 BLA
Case Nos. 08-BLA-5143
08-BLA-05144

SHEBA W. PRATER (Widow of )
CHARLES PRATER) )
)
Claimant-Respondent ) DATE ISSUED: **DEC 21 2011**
)
v. )
)
BEVINS BRANCH RESOURCES )
INCORPORATED )
)
Employer-Petitioner )
)
DIRECTOR, OFFICE OF WORKERS' )
COMPENSATION PROGRAMS, )
UNITED STATES DEPARTMENT )
OF LABOR )
)
Party-in-Interest ) ORDER

Claimant's counsel has filed an itemized statement requesting a fee for services performed in this appeal pursuant to 20 C.F.R. §802.203. Counsel requests a total fee of $4,768.75 representing $1,200 for 4 hours of legal services performed by Joseph E. Wolfe, Esq., at an hourly rate of $300, $3,318.75 for 14.75 hours of services performed by Ryan Gilligan, Esq., at the hourly rate of $225, and $250 for 2.50 hours of service performed by counsel's legal assistants at an hourly rate of $100.

Employer has responded in opposition to the fees as not being supported by market evidence. Employer also objects to the payment for any services claimed that are determined to be clerical in nature, and requests that they be disallowed. Employer further objects to the hourly rate of $100 for counsel's legal assistants.

1

We first reject employer's contention that claimant's counsel has failed to provide sufficient information relevant to the applicable market rate in this case. In his fee petition, claimant's counsel provides an extensive list of black lung cases from 2006 to 2008, in which he was awarded an hourly rate of $300. The United States Court of Appeal for the Fourth Circuit, within whose jurisdiction this case arises, has recognized that evidence of fees received in the past as an appropriate method of establishing a market rate. *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 24 BLR 2-269 (4th Cir. 2010). In support of his requested hourly rate, claimant's counsel also provides evidence of his expertise and experience in the field of black lung litigation. *See Newport News Shipbuilding & Dry Dock Co. v Holiday*, 591 F.3d 219, 228, 43 BRBS 67, 71 (CRT) (4th Cir. 2009); *B&G Mining, Inc. v. Director*, OWCP *[Bentley]*, 522 F.3d 664-65, 24 BLR 2-106, 2-124 (6th Cir. 2008). We therefore find that claimant's counsel has provided sufficient market rate evidence in his geographic area for an attorney of his expertise and experience. We also find that counsel has properly identified the training, education and experience of his legal assistants; and approve the requested hourly rates of $300 and $100.

Finally, the Board notes employer's general objection to services that were clerical in nature, but finds the services performed by both counsel and the legal assistants reasonable and necessary to the prosecution of the appeal. 20 C.F.R. §802.203(d).

2

Accordingly, the Board awards a fee of $4, 768.75 to be paid directly to claimant's counsel by the employer. 33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a): 20 C.F.R. §802.203.

ROY P. SMITH
Administrative Appeals Judge

REGINA C. McGRANERY
Administrative Appeals Judge

BETTY JEAN HALL
Administrative Appeals Judge

3

# CERTIFICATE OF SERVICE

2010-0667-BLA Sheba W. Prater (o/b/o Estate of Charles W. Prater) v. Bevins Branch Resources, Inc., Kentucky Employers Mutual Ins.,, Director, Office of Workers' Compensation Programs (Case No. 08-BLA-5143)

2010-0668-BLA Sheba W. Prater (Widow of Charles W. Prater) v. Bevins Branch Resources, Inc., Kentucky Employers Mutual Ins.,, Director, Office of Workers' Compensation Programs (Case No. 08-BLA-5144)

I certify that the parties below were served this day.

DEC 2 1 2011

(DATE)

Thomas O. Shepherd, Jr.
Clerk of the Board

Jonathan P.Rolfe Esq.
U.S. Department of Labor
Office of the Solicitor
Suite N-2117, 200 Constitution Avenue, N.W.
Washington, DC 20210

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

Joseph E.Wolfe Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
    --Certified

Paul E.Jones Esq.
Jones, Walters, Turner & Shelton PLLC
208 Second Street
P.O. Box 1167
Pikeville, KY 41502
    --Certified

**U.S. Department of Labor**

Benefits Review Board
P.O. Box 37601
Washington, DC 20013-7601

BRB No. 10-703 BLA
Case No. 08-BLA-5608

| | |
|---|---|
| JOYCE STANLEY (Widow of NICKEY STANLEY) | ) ) ) |
| Claimant-Respondent | ) DATE ISSUED: **MAY 1 6 2012** |
| v. | ) ) ) |
| MULLINS & STANLEY TRUCKING COMPANY | ) )  |
| Employer-Petitioner | ) ) MAY 2 1 2012 |
| DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR | ) **WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS** ) ) |
| Party-in-Interest | ) ODER |

Counsel for claimant has filed a complete itemized statement, requesting a fee for services performed in this appeal pursuant to 20 C.F.R. §802.203. Counsel requests a fee of $5,037.50, representing $2,475 for 8.25 hours of legal services performed by Joseph Wolfe, Esq. at an hourly rate of $300.00, $2,137.50 for 9.5 hours of legal services rendered by Ryan Gilligan, Esq. at an hourly rate of $225, $425 for 4.25 hours of legal assistant services at an hourly rate of $100.00.

Employer has filed objections to counsel's fee petition. Employer objects to the hourly rate requested as excessive and not market based. Employer further challenges counsel use of quarter hour billing for routine tasks. Next, employer argues that counsel charges time for work that is clerical in nature, and for work that is duplicative.

In his fee petition and supporting affidavit, Mr. Wolfe notes that his hourly rate is $300. Counsel then provided numerous examples of fee awards that they have received from the Office of the Administrative Law Judges, in which these rates were awarded. Counsel has also provided detailed information on the qualifications and experience of his legal assistants. The United States Court of Appeals for the Fourth Circuit has recognized that evidence of fees received in the past may be an appropriate consideration in establishing a market rate. *Westmoreland Coal Co. v. Cox* 602 F.3d 276, 24 BLR 2-269 (4th Cir. 2010). Moreover, in support of their hourly rates, claimant's counsel also

provided sufficient evidence of their expertise in the field of black lung litigation. *See Newport News Shipbuilding & Dry Dock Co. v. Holiday*, 591 F.3d 219, 228, 43 BRBS 67, 71 (CRT) (4th Cir. 2009); *B & G. Mining Inc. v. Director, OWCP, [Bentley]*, 522 F.3d 657, 24 BLR 2-106 (6th Cir. 2008). *Maggard v. Int'l Coal Group, Knott County, LLC*, 24 BLR 1-204 (2010), *Bowman v. Bowman Coal Co. Inc*, 24 BLR 1-167, (2010). We therefore find that claimant's counsel has provided sufficient market rate evidence for attorneys of their expertise and experience. Consequently, we approve the hourly rates requested by both Mr. Wolfe and Mr. Gilligan, and the legal assistants. 20 C.F.R. §802.203(d)(c).

The Board further rejects employer's challenge of counsel's use of one-quarter hour billing as unreasonable. Counsel's practice of billing in one-quarter hour increments is reasonable. 20 C.F.R. §802.203(d).

Next, employer objects to a number of time entries requested as clerical in nature. We agree with employer that the services performed on September 17, 2010, March 16, 2011, March 21, 2011. April 4, 2011. April 13. 2011, April 14, 2011, and May 3, 2011, May 12, 2011( 1st entry), May 25. 2011, June 17, 2011 (1n entry), July 25, 2011, are clerical in nature. Consequently, we disallow 2.75 hours for these services. *See Whitaker Jv. Director*, OWCP 9 BLR 1-216 (1986). Employer also objects to the time entries requested on May 12. 2011 (2nd entry). May 23. 2011, May 24, 2011 and June 17, 2011 (both entries) as excessive, duplicative and unexplained. The Board considers the time claimed for these services to be reasonable.

In all other respects, the Board finds the requested fee to be reasonable and commensurate with the necessary services performed in defending claimant's award of benefits. Accordingly, the Board approves a fee of $4,762.50 to be paid directly to claimant's counsel by employer. 33 U.S.C. §928, as incorporated by 30 U.S.C. §932(a); 20 C.F.R. §802.203.

NANCY S. DOLDER, Chief
Administrative Appeals Judge

REGINA C. McGRANERY
Administrative Appeals Judge

BETTY JEAN HALL
Administrative Appeals Judge

# CERTIFICATE OF SERVICE

2010-0703-BLA Ms. Nickey Stanley (deceased by Joyce Stanley) v. Mullins & Stanley Trucking, Liberty Mutual Insurance Co., Director, Office of Workers' Compensation Programs (Case No. 08-BLA-5608)

I certify that the parties below were served this day.

**MAY 16 2012**

(DATE)

Thomas O. Shepherd, Jr., Esq.
Clerk of the Appellate Boards

Jeffrey S. Goldberg, Esq.
Office of the Solicitor
U.S. Department of Labor
Suite N-2117
Washington, DC 20210
--*Certified*

John R. Sigmond, Esq.
Penn, Stuart & Eskridge
P.O. Box 2009
Bristol, VA 24203
--*Certified*

Joseph E. Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273
--*Certified*

Steven Breeskin
U.S. Department of Labor
Suite C-3516, NDOL
Washington, DC 20210

 **U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



**Issue Date: 19 September 2011**

IN THE MATTER OF

DANNY D. STINSON, SR.,
　　　　CLAIMANT

V.

NAVARO MINING, INC.,
　　　　EMPLOYER

AND

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
　　　　PARTY-IN-INTEREST

CASE NO.  2010 BLA 5152



## ORDER AWARDING ATTORNEYS' FEES

On July 12, 2011, I issued my Decision and Order awarding benefits in this claim. By letter dated August 3, 2011, the Claimant's attorney, Joseph E. Wolfe, Esq., filed his petition for attorneys' fees. Mr. Wolfe requested $8,906.25, representing compensation for 42.50 hours of services rendered in this matter. No objection has been submitted to this fee petition.[1]

### Hourly Rate

Mr. Wolfe asked for an hourly rate of $300 for his time; $200 for that of his associate, W. Andrew Delph, Esq., $225 for that of his associate, Ryan C. Gilligan, Esq.; and $100 an hour for his legal assistants' time. In support of his petition, Mr. Wolfe noted his 32 years of experience, that Mr. Delph was a 2000 graduate of the Appalachian School of Law and had been admitted to practice for several years, and that Mr. Gilligan graduated from law school in 2006 and was admitted to practice in 2007. Mr. Wolfe noted that his firm has extensive experience with black lung cases.

Mr. Wolfe relied on the 2006 Altman & Weil Survey of Law Firm Economics ("Altman & Weil"), which lists the hourly rates for attorneys in the South Atlantic Region as ranging from $350 to $463 for attorneys with 31 or more years of experience, $330 to $450 for attorneys with

---

[1] In my Decision and Order, I found that the District Director improperly designated the Employer as the responsible operator, and the Employer was not liable for payment of benefits; liability for the payment of benefits fell to the Trust Fund.

21 to 30 years of experience, $300 to $415 for attorneys with 16 to 20 years of experience, $280 to $395 for attorneys with 11 to 15 years of experience, and $210 to $290 for attorneys with 4 to 5 years of experience. He also listed the Altman & Weil rates for attorneys in the Middle Atlantic region, which were either the same or greater than those for the South Atlantic Region for the same experience levels.

Mr. Wolfe argued that his requested hourly rates are reasonable. Mr. Wolfe stated that the attorneys in his firm teach black lung legal technique methods at seminars; they also use what influence they have to further legal education in the coal producing areas and attempt to get more attorneys involved in representing clients. He noted that the learning curve is high, while the remunerative curve is very low; few new attorneys go into Black Lung litigation. He described the practice area as very limited; it is almost impossible to find attorneys who perform this work. He felt that the fee comparison to the Altman & Weil survey was valid, if not low, for the area. He noted that comparable niche practices in all areas of the United States often command $400 to $500 an hour for like experience.

Additionally, Mr. Wolfe included a list of 19 fee petition awards for an hourly rate of at least $300. The Fourth Circuit recently held that an attorney may submit evidence of fees that he or she has received in the past. *See Westmoreland Coal Co. v. Cox and Director, OWCP,* 602 F.3d 276 (4th Cir. 2010), *citing to Run Creek Coal Sales, Inc. v Caperton,* 31 F.3d 169, 175 (4th Cir. 1994).

Claimant's counsel must set forth the hourly rate requested in his fee petition. It is the responsibility of the petitioning attorney to establish the reasonableness of the hourly rate based on the quality of the representation, his or her qualifications, the complexity of the legal issues involved, and the level of the proceedings. *Pritt v. Director, OWCP,* 9 B.L.R. 1-159 (1986). To determine whether such a rate is appropriate, several factors must be considered, including the location of the representative or counsel, his or her years of experience, the level of expertise, and the complexity of the case. Additional factors which may be considered are the risk of loss, delay in payment, and the amount of the award of benefits. *Helton v. Director, OWCP,* 6 B.L.R. 1-176 (1983).

Additionally, in *Cox, supra,* the Court noted that there are a variety of "sources" from which to determine a prevailing hourly rate, including evidence of fees received by the attorney in the past, affidavits of other lawyers, and fees awarded in other administrative proceedings of similar complexity.

Having had the opportunity to observe Mr. Wolfe and the attorneys from his firm practice on a number of occasions, I find them to be highly competent, highly experienced, and highly qualified attorneys. Mr. Wolfe represented that his firm has handled black lung cases for 32 years and is recognized as one of a few firms willing to represent coal miners in Virginia. He represented that the firm's attorneys are very experienced in this field; Mr. Wolfe is rated as high to very high in legal ability in the Martindale-Hubbell ratings. The attorneys at his firm also teach black lung legal techniques at seminars. Mr. Wolfe has handled countless Black Lung claims. He represented his client in the case zealously and competently.

-2-

Along with this detailed account of services, Mr. Wolfe submitted an excerpt from the 2006 *Survey of Law Firm Economics*, published by Altman & Weil. I have considered the information contained in that particular survey, and I take judicial notice of the hourly rates reported therein. *See Schneider v. Director, OWCP*, 2 B.L.R. 1-918, 1-926 (1980).

The Regulations require that I take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested in making a decision about attorneys' fees. *See* 20 C.F.R. §725.366(b); *Pritt v. Director, OWCP*, 9 BLR 1-159 (1986). I have done so in forming my decision as to the appropriate attorneys' fees in this matter.

Taking these factors into account, as well as other factors, including the low rates of success for claimants in black lung litigation, and the contingent nature of the attorneys' fees, I find that the appropriate hourly rate for Mr. Wolfe is $300 an hour, $200 for Mr. Delph, $225 an hour for Mr. Gilligan's time, and $100 for legal assistants' time. I note that I have had the opportunity to observe these attorneys practice on a number of occasions; I find them to be highly competent, experienced, and qualified attorneys, who produce superior work product. They represented their client in the case at bar zealously and competently.

## *Amount of Time Expended*

After reviewing Mr. Wolfe's summary of professional services, as well as the qualifications and experience of Mr. Wolfe and his staff in the black lung area of practice, I find that the amount of attorney time expended on this case was appropriate; it was not excessive or unreasonable, but reasonable and appropriate. However, I am subtracting the legal assistants' time entries listed below, because they are clerical in nature.

1.  December 16, 2009 – Analyze file and bill client for out of pocket expenses (VRM (.25)
2.  December 28, 2009 – Analyze file and record payment on costs from client (CLW) (.25)
3.  February 8, 2010 – Analyze and review file for out of pocket expenses (VRM) (.25)
4.  June 14, 2010 – Analyze and review file and hearing notice and calendar deadlines on master calendar (TGM) (.25)
5.  June 23, 2010 – Phone call from Tug River saying client had not been seen since October 2009 (MMM) (.25)
6.  August 20, 2010 – Phone call to clinic for additional medical records, fax release and record request (MMM) (.25)
7.  August 23, 2010 – Phone call from client to schedule appointment (DLL) (.25)
8.  October 20, 2010 – Analyze file and issue check for medical records (VRM) (.25)
9.  November 24, 2010 – Analyze file, review hearing notice and calendar deadlines on master calendar (TGM) (.25)
10. December 15, 2010 – Analyze file and bill client for out of pocket expenses (VRM) (.25)
11. January 4, 2011 – Analyze file and record payment from client (CLW) (.25)
12. January 19, 2011 – Phone call from client, left message for attorney (JEF) (.25)
13. January 19, 2011 – Phone call with request to re-fax information to OALJ (NAR) (.25)

- 3 -

14. March 2, 2011 – Certified letter forwarding payment to Dr. Alexander (JEW) (.25)
15. March 9, 2011 – Phone call from client, left message for attorney (JEF) (.25)
16. March 12, 2011 – Analyze file, confirm dates on master calendar are correct (TGN) (.25)
17. April 13, 2011 – Analyze file and bill client for out of pocket expenses (VRM) (.25)
18. April 25, 2011 – Analyze file and record payment from client (CLW) (.25)
19. May 11, 2011 – Analyze file and calendar due date on master calendar (TGM) (.25)
20. June 1, 2011 – Analyze file and bill client for out of pocket expenses (VRM) (.25)
21. June 27, 2011 – Analyze file and record payment from client (CLW) (.25)
22. July 12, 2011 – Phone call from OALJ regarding sending brief by fax (RCT) (.25)
23. July 16, 2011 - Analyze file and calendar date to check on appeal (NAR) (.25)
24. July 18, 2011 – Phone call from client to schedule office appointment (JEF) (.25).

There is no indication that the "analysis" portion of these entries reflects anything other than the clerical task. Thus, I have subtracted 5.75 hour of legal assistant time, or $575, and .25 hours of Mr. Wolfe's time, or $75. I approve Mr. Wolfe's attorney fee application in the amount of $8,256.25.

### Conclusion

Based on the foregoing, I find that the appropriate hourly rates in this case are $300 an hour for Mr. Wolfe's time, $200 an hour for Mr. Delph's time, $225 an hour for Mr. Gilligan's time, and $100 for legal assistants' time. Therefore, the total sum to be paid to Mr. Wolfe's firm is $8,256.25.

Accordingly, IT IS HEREBY ORDERED that the Trust Fund pay to the law firm of Wolfe, Williams & Rutherford the sum of $8.256/25, representing payment for services rendered to the Claimant while this matter was before the Office of Administrative Law Judges.

SO ORDERED.

LINDA S. CHAPMAN
Administrative Law Judge

- 4 -

## SERVICE SHEET

Case Name: STINSON_DANNY_D_SR_v_NAVAHO_MININGINC_and_

Case Number: 2010BLA05152

Document Title: ORDER AWARDING ATTORNEY'S FEES

I hereby certify that a copy of the above-referenced document was sent to the following this 19th day of September, 2011:

Diane Johnson

**DIANE JOHNSON**
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
*(Hard Copy - Regular Mail)*

*(Hard Copy - Regular Mail)*

Joseph E Wolfe, Esq
Wolfe, Williams, Rutherford & Reynolds
470 Park Avenue
Post Office Box 625
Norton, VA 24273-0625
*(Hard Copy - Regular Mail)*

Navaro Mining, Inc.
c/o Rusty Monk
50 Pheasants Run
Bluefield, WV 24701-0529
*(Hard Copy - Regular Mail)*

Karin L Weingart, Esq
Spilman, Thomas & Battle, PLLC
Post Office Box 273
Charleston, WV 25321-0273
*(Hard Copy - Regular Mail)*

West Virginia CWP Fund
c/o West Virginia Insurance Commission
Post Office Box 50541
Charleston, WV 25305
*(Hard Copy - Regular Mail)*

Wells Fargo Disability Mgmt
Attn: Rhonda Livesay
Post Office Box 3389
Charleston, WV 25333-3389
*(Hard Copy - Regular Mail)*

Associate Regional Solicitor
U. S. Department of Labor
22nd Floor West
1100 Wilson Boulevard
Arlington, VA 22209
*(Hard Copy - Regular Mail)*

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



Issue Date: 19 September 2011

IN THE MATTER OF:

CASE NO. 2010-BLA-5848

NORMA J. MATNEY (widow),

ACIE MATNEY (deceased),
       Claimant,

       v.

VIRGINIA CREWS COAL COMPANY/
AMERICAN MINING CLAIMS
SERVICES,
       Employer / Carrier,

       and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
       Party-in-Interest.



RECEIVED
SEP 2 2 2011
WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS

## ORDER AWARDING ATTORNEYS' FEES

On July 5, 2011, I issued an Order remanding this claim, based on the Employer's acceptance of liability for payment of benefits. By letter dated July 18, 2011, the Claimant's attorney, Joseph E. Wolfe, Esq., filed his petition for attorneys' fees. Mr. Wolfe requested $2,075.00, representing compensation for 9.25 hours of services rendered in this matter. The Employer has not submitted any objection to the fee petition.

### Hourly Rate

Mr. Wolfe asked for an hourly rate of $300 for his time, and $100 for his full-time legal assistants' time. In support of his petition, Mr. Wolfe noted that he has 32 years of experience, that Mr. Delph graduated from law school in 2000 and has been admitted to practice in the Commonwealth of Virginia for several years. Additionally, Mr. Wolfe noted that his firm has extensive experience with black lung cases, which generally involve a significant amount of risk.

Mr. Wolfe relied on the 2006 Altman & Weil Survey of Law Firm Economics ("Altman & Weil"), which lists the hourly rates for attorneys in the South Atlantic Region as ranging from

$350 to $463 for attorneys with 31 or more years of experience, $330 to $450 for attorneys with 21 to 30 years of experience, $300 to $415 for attorneys with 16 to 20 years of experience, $280 to $395 for attorneys with 11 to 15 years of experience, and $210 to $290 for attorneys with 4 to 5 years of experience. He also listed the Altman & Weil rates for attorneys in the Middle Atlantic region, which were either the same or greater than those for the South Atlantic Region for the same experience levels.

Mr. Wolfe argued that his requested hourly rates are reasonable. Mr. Wolfe stated that the attorneys in his firm teach black lung legal technique methods at seminars, and use what influence they have to further legal education in the coal producing areas and attempt to get more attorneys involved in representing clients. He noted that the learning curve is high, while the remunerative curve is very low, and there are few new attorneys who go into Black Lung litigation. He described the practice area as very limited; it is almost impossible to find attorneys who perform this work. He felt that the fee comparison to the Altman & Weil survey was valid, if not low, for the area. He noted that comparable niche practices in all areas of the United States often command $400 to $500 an hour for like experience.

Additionally, Mr. Wolfe included a list of 19 fee petition awards for an hourly rate of at least $300. The Fourth Circuit recently held that an attorney may submit evidence of fees that he or she has received in the past. *See Westmoreland Coal Co. v. Cox and Director, OWCP*, 602 F.3d 276 (4th Cir. 2010), *citing to Run Creek Coal Sales, Inc. v Caperton*, 31 F.3d 169, 175 (4th Cir. 1994).

Counsel for Claimant must set forth the hourly rate requested in his fee petition. It is the responsibility of the petitioning attorney to establish the reasonableness of the hourly rate based on the quality of the representation, his or her qualifications, the complexity of the legal issues involved, and the level of the proceedings. *Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986). To determine whether such a rate is appropriate, several factors must be considered, including the location of the representative or counsel, his or her years of experience, the level of expertise, and the complexity of the case. Additional factors which may be considered are the risk of loss, delay in payment, and the amount of the award of benefits. *Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983).

Additionally, in *Cox, supra*, the Court noted that there are a variety of "sources" from which to determine a prevailing hourly rate, including evidence of fees received by the attorney in the past, affidavits of other lawyers, and fees awarded in other administrative proceedings of similar complexity.

Having had the opportunity to observe Mr. Wolfe practice on a number of occasions, I find him to be a highly competent, highly experienced, and highly qualified attorney. Mr. Wolfe represented that his firm has handled black lung cases for 32 years, and is recognized as one of a few firms willing to represent coal miners in Virginia. He represented that the firm's attorneys are very experienced in this field. Mr. Wolfe is rated as high to very high in legal ability in the Martindale-Hubbell ratings. The attorneys in his firm also teach black lung legal techniques at seminars. As he stated in his fee petition, Mr. Wolfe has been practicing law for 32 years, and

-2-

has handled countless Black Lung claims for as many years. He represented his client in the case zealously and competently.

Along with his detailed account of services, Mr. Wolfe submitted an excerpt from the 2006 *Survey of Law Firm Economics*, published by Altman & Weil. I have considered the information contained in that particular survey, and I take judicial notice of the hourly rates reported therein. *See Schneider v. Director, OWCP*, 2 B.L.R. 1-918, 1-926 (1980).

The Regulations require that I take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested in making a decision about attorneys' fees. *See* 20 C.F.R. §725.366(b); *Pritt v. Director, OWCP*, 9 BLR 1-159 (1986). I have done so in forming my decision as to the appropriate attorneys' fees in this matter.

I have taken judicial notice of the Altman Weil survey in a number of cases, and find it useful in providing direction as to what constitutes a reasonable attorneys' fee. I have relied on the 2006 Altman & Weil Survey, which reflects the average hourly rates for attorneys in different regions around the country.

Taking these factors into account, and considering the variety of sources provided by Mr. Wolfe, I find that Mr. Wolfe has met his burden to provide satisfactory specific evidence of an applicable prevailing rate for representation in similar cases in the southwest Virginia area. Considering these factors, as well as the low rates of success for claimants in black lung litigation, and the contingent nature of the attorneys' fees, I find that the appropriate hourly rate for Mr. Wolfe is $300, and $100 for full time legal assistants' time. I note that I have had the opportunity to observe Mr. Wolfe practice on a number of occasions; I find him to be highly competent, experienced, and qualified. He represented his client in the case at bar zealously and competently. I find that Mr. Wolfe has sufficiently supported his fee petition with the information that he provided.[1]

## Amount of Time Expended

After reviewing Mr. Wolfe's summary of professional services, as well as the qualifications and experience of Mr. Wolfe and his staff in the black lung area of practice, I find that the amount of attorney time expended on this case was appropriate; it was not excessive or

---

[1] I note that the Board, in *O.R.H. v. Blue Star Coal Corporation*, BRB No. 07-0124 BLA (October 30, 2007), affirmed a finding by the ALJ that the hourly rate of $300 for Mr. Wolfe's time was reasonable based on the Altman Weil survey, his experience level in the Black Lung area of law, and the fact that his office was one of the few in the area that accepted Black Lung cases.

- 3 -

unreasonable, but reasonable and appropriate. However, I am disallowing the following entries, because they are clerical in nature.[1]

1.  April 4, 2011 – Phone call from client, left message for attorney (JEF) (.25)
2.  April 5, 2011 – Phone call from client, left message for attorney (BSX) (.25)
3.  May 23, 2011 – Phone call from client, left message for attorney (JEF) (.25)
4.  June 10, 2011 – Phone call requesting that qualification be sent by email (DLL) (.25)
5.  June 18, 2011 – Phone call from client, left message for legal assistant (BSX) (.25)

Thus, I have reduced the total amount by 1.25 hours of legal assistant time, or $125. The fee is reduced to $1,950.00.

### Conclusion

Based on the foregoing, I find that the appropriate hourly rates in this case are $300 for Mr. Wolfe's time, and $100 for full time legal assistants' time. Therefore, the total sum to be paid to Mr. Wolfe's firm is $1,950.00.

Accordingly, IT IS HEREBY ORDERED that the Employer pay to the law firm of Wolfe, Williams & Rutherford the sum of $1,950.00, representing payment for services rendered to the Claimant while this matter was before the Office of Administrative Law Judges.

SO ORDERED.

Linda S. Chapman

LINDA S. CHAPMAN
Administrative Law Judge

---

[1] This list includes most, but not all, of the Employer's objections to purely clerical entries. I have allowed seven of those entries, which appear to reflect more than just clerical work.

-4-

## SERVICE SHEET

Case Name: MATNEY_NORMA_J_v_VIRGINIA_CREWS_COAL__

Case Number: 2010BLA05848

Document Title: **ORDER AWARDING ATTORNEY'S FEES**

I hereby certify that a copy of the above-referenced document was sent to the following this 19th day of September, 2011:

*Diane Johnson*

**DIANE JOHNSON**
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
            *(Hard Copy - Regular Mail)*



            *(Hard Copy - Regular Mail)*

Virginia Crews Coal Company
c/o Wells Fargo Disability Management
Post Office Box 3389
Charleston, WV 25333
            *(Hard Copy - Regular Mail)*

Francesca Tan, Esq
Jackson & Kelly, PLLC
150 Clay Street
Suite 500
Post Office Box 619
Morgantown, WV 26501
            *(Hard Copy - Regular Mail)*

American Mining Claims Services
Post Office Box 660988
Birmingham, AL 35266-0988
            *(Hard Copy - Regular Mail)*

Joseph E Wolfe, Esq
Wolfe, Williams, Rutherford & Reynolds
470 Park Avenue
Post Office Box 625
Norton, VA 24273-0625
            *(Hard Copy - Regular Mail)*

Associate Regional Solicitor
U. S. Department of Labor
22nd Floor West
1100 Wilson Boulevard
Arlington, VA 22209
            *(Hard Copy - Regular Mail)*

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7386 (FAX)



**Issue Date: 23 August 2011**

In the Matter of

RANDALL L. BALDWIN,
    Claimant

    v.

CONSOLIDATION COAL COMPANY/
CONSOL ENERGY, INC.,
    Employer

    and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS
    Party in Interest

Case No.: 2009 BLA 5776

RECEIVED

AUG 2 6 2011

WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS

Appearances:     Mr. Joseph E. Wolfe, Attorney
                 For the Claimant

                 Mr. Douglas A. Smoot, Attorney
                 Ms. Ashley M. Harman, Attorney (on fee petition)
                 For the Employer/Insurer

Before:          Richard T. Stansell-Gamm
                 Administrative Law Judge

### SUPPLEMENTAL DECISION AND ORDER –
### PARTIAL AWARD OF ATTORNEY FEES

On June 11, 2011, I awarded black lung disability benefits to Mr. Baldwin under the provisions the Black Lung Benefits Act, 30 U.S.C. §§ 901 to 945. Section 30 of the Act, 30 U.S.C. § 932, which incorporates Section 28 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928, provides for an award of an attorney fee to a claimant's counsel for the successful prosecution of a claim under the Act.

On July 19, 2011, I received an attorney fee petition from Claimant's counsel. The petition states that while Mr. Baldwin's case was before the Office of Administrative Law Judges ("OALJ"), Mr. Wolfe, Mr. Gilligan, Mr. Delph, and legal assistants provided 72.75 hours of professional services, at the respective hourly rates of $300, $225, $200, and $100 for a total attorney fee in the amount of $13,206.25. Mr. Wolfe also claims $261.65 in litigation expenses.

On August 3, 2011, I received three principal objections to the attorney fee petition from Employer's counsel. First, the requested hourly rates are unreasonable. Next, many time charges either relate to administrative tasks which are not compensable or represent excessive time charges. Finally, the litigation expenses are incorrectly calculated.

## Hourly Rates

### Claimant

According to Mr. Wolfe, the claimed hourly rates are his usual billing rates for black lung cases. Because few attorneys have experience with the difficult area of black lung disability claims, his practice is conducted on a "wide regional basis," beyond his southwestern Virginia office location. In light of that regional practice, referral to the Altman Weil South Atlantic region law firm hourly rates survey is appropriate and valid. Notably, the survey hourly rates for attorneys with more than 31 years of experience range from $350 to $463. Upon comparison with the law firm survey rates, Mr. Wolfe asserts the claimed hourly rates are reasonable since Mr. Wolfe has over 31 years of experience, Mr. Delph graduated from law school in 2000, and Mr. Gilligan was admitted into the practice of law in 2007. Additionally, due to the limited nature of the practice, very few attorneys are available and willing to take these cases. Other niche law practices across the country often charge between $400 and $500 an hour. Finally, both Mr. Wolfe and Mr. Gilligan have engaged in continued education in the area of black lung and respiratory disease litigation and have participated in panel discussions involving medical and legal issues.

Mr. Wolfe also noted that the U.S. Court of Appeals for the Fourth Circuit in *Westmoreland Coal Co. v. Cox*, 602 F.3d 276, 290 (4th Cir. 2010) indicated that evidence of fees received in the past may support the requested rates. Additionally, the Benefits Review Board indicated in *Leedy v. Superior Mining & Minerals*, BRB No. 09-0693 BLA (June 30, 2010) (unpub.) that while previously awarded fees do not set the prevailing market rate, they nevertheless provide "some guidance" in regards to the market rate. In light of these cases, Mr. Wolfe submitted references to 19 attorney fee petition awards from November 2006 to July 2008 that approved his requested hourly rate of $300, and hourly rates up to $200 for Mr. Delph and $175 for Mr. Gilligan.

### Employer

Employer objects to the requested hourly rates for Mr. Wolfe and Mr. Gilligan. Claimant's counsel bears the burden of establishing the reasonableness of the requested hourly rates. Under the standard established by the U.S. Supreme Court in *Blum v. Stenson*, 465 U.S. 886, 895, 896 n.11 (1984), an hourly rate request must be a reflection of the customary rates charged in the community by attorneys of similar skill, reputation, and experience. That is, Mr. Wolfe must establish the community market rate. His actual billing rate is not determinative. According to Ms. Harman, Mr. Wolfe's requested rates are "beyond those charged by similarly situated attorneys in federal black lung claims." Regarding Mr. Gilligan's claimed rate of $225, none of the submitted attorney fee decisions approved that amount. Additionally, prior to January 2011, Mr. Gilligan's charged rate was $175 an hour. Since almost all of Mr. Gilligan's

time charges occurred before 2011, the use of an hourly rate of $175 is warranted. Counsel further objects to the use of the Altman Weil survey since the summary includes "various major metropolitan areas and includes legal work for a variety of very lucrative industries." In a recent 2010 attorney fee decision, another administrative law judge approved an hourly rate of only $250 for Mr. Wolfe, which is more reasonable. Finally, the paralegals' hourly rate should be reduced to $75 an hour.

## Discussion

A claimant's attorney has the responsibility to establish the reasonableness of the charged hourly rate based on the quality of the representation, his or her qualifications, the complexity of the legal issues involved, and the level of the proceedings. *Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986).

While Mr. Wolfe may have a small town mailing address, his representation of black lung claimants is regional in scope such that use of the South Atlantic region law firm survey based on years of experience is appropriate.[1]  Beyond the Altman & Weil survey, Mr. Wolfe has provided ample evidence that his requested hourly rates have been awarded in prior cases. Notably, while one judge only approved an hourly rate of $250, in the cases submitted by Mr. Wolfe, six judges approved a rate of $300. Further, in a recent decision, *Westmoreland Coal Co. v Cox*, 602 F.3d at 290, the Fourth Circuit explained that, for purposes of establishing a reasonable, prevailing hourly rate "...Wolfe could [submit] evidence of the fees he has received in the past...", which is precisely what Mr. Wolfe has done.

Considering Mr. Wolfe's expertise in the complex area of black lung law, prior approved rates, and a requested hourly charge which remains below the range of hourly rates for other attorneys in the South Atlantic region with comparable years of legal experience, I find his requested hourly rate of $300 to be reasonable. Likewise, considering the regional scope of Mr. Wolfe's practice, I consider the requested $100 hourly rate for the legal assistant to be appropriate.

At the same time, while Mr. Gilligan may be rapidly gaining expertise in black lung litigation, given that he has just over four years of experience, and considering the previously approved rate for his professional service, I will approve only $175 for his hourly rate.

## Time Charges

As Employer's counsel correctly states, traditional clerical duties are typically considered to be included in an attorney's hourly rate as overhead and are not separately compensable. *See Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986); *Marcum v. Director, OWCP*, 2 B.L.R. 1-894 (1980).

Employer asserts numerous separate time charges are solely clerical in nature and should be excluded. Having considered all the entries, I deny the following charges since they clearly

---

[1] I take judicial notice that the South Atlantic portion of the Altman & Weil survey does not include New York, Pennsylvania, and New England; whereas West Virginia, North Carolina, South Carolina, and Georgia are included.

involve tasks that were clerical in nature. The Employer's remaining objections on the basis the task were administrative, as well as the two objections based on excessive charges, are overruled.

May 26, 2009  Legal assistant's quarter hour charge to receive phone call from client to speak to an attorney.

June 22, 2009  Legal assistant's quarter hour charge to phone client to arrange an office visit.

December 16, 2009  Legal assistant's quarter hour charge to phone client to arrange an office visit.

January 19, 2010  Legal assistant's quarter hour charge to receive phone call to speak to an attorney.

January 28, 2010  Legal assistant's quarter hour charge to receive phone call to speak to an attorney.

January 28, 2010  Legal assistant's quarter hour charge to phone client to arrange an office visit.

February 1, 2010  Legal assistant's half an hour charge to arrange the logistics for a FedEx package.

February 10, 2010  Legal assistant's quarter hour charge to receive phone call to speak to an attorney.

February 10, 2010  Legal assistant's quarter hour charge to determine that a report is ready.

March 9, 2010  Legal assistant's quarter hour charge to receive phone call to speak to an attorney.

June 7, 2010  Legal assistant's quarter hour charge to receive phone call from client to speak to an attorney.

June 23, 2010  Legal assistant's quarter hour charge to receive phone call from client to speak to an attorney.

March 3, 2011  Legal assistant's quarter hour charge to receive a phone call about a mailed package.

## Litigation Expenses

In his cover letter, Mr. Wolfe seeks reimbursement for $261.65 for litigation expenses. However, the five charges listed in the accompanying motion actually totaled $241.65. Upon review of the additionally attached client ledger entries, the noted discrepancy relates to the charge for medical records from the UVA hospital. Although the motion lists the charge as $113.15, the ledger shows the actual amount billed was $133.15. Based on the actual amount billed, $133.15, the total amount of the litigation expenses is $261.65, as claimed in the cover letter. Based on the nature of the charges set out in the client ledger, I find the litigation expenses are reasonable and approve reimbursement in the total amount of $261.65.

### Summary

#### Attorney fees requested in petition

| | | | | | | |
|---|---|---|---|---|---|---|
| Mr. Wolfe | 18.00 hours | x | $ 300.00 | = | $ 5,400.00 |
| Mr. Gilligan | 14.25 hours | x | 225.00 | = | 3,206.25 |
| Mr. Delph | 5.50 hours | x | 200.00 | = | 1,100.00 |
| Legal Assistant | 35.00 hours | x | 100.00 | = | 3,500.00 |
| | 72.75 hours | | | | $13,206.25 |

#### Time Charge Reductions

| | | | | | |
|---|---|---|---|---|---|
| Legal Assistant | 35.00 hours | - | 3.50 hours | = | 31.50 hours |

#### Approved attorney fees

| | | | | | |
|---|---|---|---|---|---|
| Mr. Wolfe | 18.00 hours | x | $ 300.00 | = | $ 5,400.00 |
| Mr. Gilligan | 14.25 hours | x | 175.00 | = | 2,493.75 |
| Mr. Delph | 5.50 hours | x | 200.00 | = | 1,100.00 |
| Legal Assistant | 31.50 hours | x | 100.00 | = | 3,150.00 |
| | | | | | $12,143.75 |

### Approved Litigation Expenses

The claimed amount of $261.65 in litigation expenses is approved.

## ORDER

The attorney fee petition by Mr. Joseph E. Wolfe for $13,206.25, plus $261.65 in litigation expenses, is **PARTIALLY APPROVED** in the total amount of $12,405.40, consisting of $12,143.75 in attorney fees, plus $261.65 in litigation expenses.    The Employer, Consolidation Coal Company/Consol Energy, Inc., **SHALL PAY** $12,405.40 to Mr. Joseph E. Wolfe.  However, the award of attorney fees is conditional and will not be effective until such time that the award of black lung disability benefits to the Claimant, Mr. Randall Baldwin, becomes final and reflects a successful prosecution of the claim.

**SO ORDERED:**

*Richard T. Stansell-Gamm*

RICHARD T. STANSELL-GAMM
Administrative Law Judge

Date Signed:   August 22, 2011
Washington, DC

**NOTICE OF APPEAL RIGHTS:**  If you are dissatisfied with the administrative law judge's decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's decision is filed with the district director's office. See 20 C.F.R. §§ 725.478 and 725.479. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. See 20 C.F.R. § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board.

After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed.

At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. See 20 C.F.R. § 725.481.

If an appeal is not timely filed with the Board, the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to 20 C.F.R. § 725.479(a).

## SERVICE SHEET

Case Name: BALDWIN_RANDALL_L_v_CONSOLDATION_COAL_CO_

Case Number: 2009BLA05776

Document Title: SUPPLEMENTAL DECISION AND ORDER PARTIALAWARD OF ATTORNEY FEES

I hereby certify that a copy of the above-referenced document was sent to the following this 23rd day of August, 2011:

*Cheryl Sedgwick*
**CHERYL GORDON-SEDGWICK**
**LEAD LEGAL TECHNICIAN**

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
       *{Hard Copy - Regular Mail}*

Associate Regional Solicitor
U.S. Department of Labor
22nd Floor West
1100 Wilson Boulevard
Arlington, VA 22209
       *{Hard Copy - Regular Mail}*

       *{Hard Copy - Regular Mail}*

Joseph E Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273-0625
       *{Hard Copy - Regular Mail}*

Consolidation Coal Company
c/o Wells Fargo Disability Mgt
P.O. Box 3389
Charleston, WV 25333-3389
       *{Hard Copy - Regular Mail}*

Douglas A Smoot, Esq.
Jackson Kelly
1600 Laidley Tower
P.O. Box 553
Charlest, WV 25322
       *{Hard Copy - Regular Mail}*

Consol Energy, Inc.
Cnx Center
1000 Consol Energy Drive
Canonsburg, PA 15317
       *{Hard Copy - Regular Mail}*



**U.S. Department of Labor**

Office of Administrative Law Judges
2 Executive Campus, Suite 450
Cherry Hill, NJ 08002

(856) 486-3800
(856) 486-3806 (FAX)



**Issue Date: 06 September 2011**

Case No.:     2010-BLA-05635

In the Matter of

**DAVID OSBORNE**
    Claimant

    v.

**PREMIER ELKHORN COAL COMPANY**
    Employer



    and

**GATLIFF COAL CO.**
**c/o WELLS FARGO**
    Carrier

    and

**DIRECTOR, OFFICE OF WORKERS'**
**COMPENSATION PROGRAMS**
    Party-in-Interest

## ATTORNEY FEE ORDER

Claimant's counsel's petition for attorney fees arises out of a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et. seq.*, and the regulations issued thereunder, which are found in Title 20 of the Code of Federal Regulations. Regulations referred to herein are contained in that Title.

An Order of Remand was issued by the undersigned for payment of benefits on June 13. 2011. On July 5, 2011, Claimant's counsel, Joseph E. Wolfe, Esquire, filed an application for compensation for professional services rendered to the Claimant which covers representation services beginning on May 19, 2010, and ending on June 14, 2011. Claimant's counsel documented a total of 31.00 hours of services rendered at various hourly rates. Counsel requested a total of $6,487.50 in attorney fees. Further, Claimant's counsel documents $740.00 for miscellaneous expenses. The hourly rates were billed as follows:



- Attorney Joseph E. Wolfe at $300.00 per hour
- Attorney Ryan C. Gilligan at $225.00 per hour
- Attorney W. Andrew Delph at $200.00 per hour
- Full Time Legal Assistants at $100.00 per hour.

*Objections*

On July 14, 2011, Employer's counsel submitted Premier Elkhorn Coal Co.'s ("Premier Elkhorn") objections to Claimant's Attorney Fee Petition. This submission stated that Employer objected to the reasonableness of the hourly rates charged by Claimant's counsel; quarter hour increments on routine letters, and administrative tasks performed. The Employer did not make any objection to the number of hours claimed.

An application for an attorney's fee under the Act must be "supported by a complete statement of the extent and character of the necessary work done." 20 C.F.R. § 725.366(a). The application must also "indicate the professional status (e.g., attorney, paralegal, law clerk, lay representative, or clerical) of the person performing such work, and the customary billing rate for each such person." Id. Any fee approved under the Act "shall be reasonably commensurate with the necessary work done." 20 C.F.R. § 725.366(b). The United States Court of Appeals for the Sixth Circuit has held that the lodestar method, *i.e.*, "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," is an appropriate method for calculating fee awards under the Act. B & G Mining, Inc. v. Dir., OWCP [Bentley], 522 F.3d 657, 662-63 (6th Cir. 2008).

The Fourth Circuit Court of Appeals in Westmoreland Coal Co. v. Cox, 602 F.3d 276 (2010) held that an attorney may submit "evidence of the fees he has received in the past" as evidence to support a request for attorney's fees." The Benefits Review Board has recently held that "the rates awarded in other cases do not set the prevailing market rate, but provide some guidance as to what the market rate is." Leedy v. Superior Mining & Minerals, BRB No. 09-0693 BLA (June 30, 2010(unpub.).

I have reviewed the arguments of Employer. The burden is on the party seeking the fee to establish the reasonableness of the hourly rate. Parks v. Eastern Assoc. Coal Corp., 24 BLR 1-777 (2010). While Employer has noted a case in which the Sixth Circuit (see Mountain Clay, Inc. v. Charlie Collins and Director, OWCP, Case No. 06-4075, (March 3, 2008), awarded a $200.00 per hour market rate for legal work, there are multiple cases where Mr. Wolfe, a highly-experienced attorney, was awarded an hourly rate of $300.00. See B.L. v. JJ Coal Co., 2007-BLA-05145 (BRB July 22, 2008); G.M.M. v. Jamb Mining, Inc., 2007-BLA-05681 (BRB March 31, 2008); S.B. v. Dir., OWCP, 2006-BLA-00008 (BRB Sept. 27, 2007). In Bentley, the Sixth Circuit stated that while rates awarded in prior cases do not establish the prevailing market rate, prior awards can provide guidance for a location and field of practice "where there is only a relatively small number of comparable attorneys." Bentley, 522 F.3d at 664.

Considering the nature of the issues involved in this case, the experience and expertise of Mr. Wolfe and the members of his firm in this specialized area of the law, the fees awarded to Mr. Wolfe and other attorneys in this practice area, and the surveys of hourly rates for the geographic area, I find that counsel has established that $300.00 per hour for Mr. Wolfe's

services, $225.00 per hour for Mr. Gilligan's services, $200.00 for Mr. Delph's services, and $100.00 for legal assistants services are reasonable.

### Reduction of Time

Employer argues that the minimal billing increment of 0.25 should be reduced on two entries for 06/17/2010; the entry of 04/05/2011, and 05/31/2011. In C.B. v. Bowman Coal Co., BRB No. 07-0320 BLA (July 23, 2008) (unpub.), the Board affirmed the Administrative Law Judge's approval of use of quarter-hour increments in billing. Similarly, the Sixth Circuit concluded that quarter-hour increments for billing were proper in B&G Mining, Inc. v. Director, OWCP [Bentley], 522 F.3d 657 (6th Cir. 2008). As a result, I find no abuse in the use of quarter-hour billing increments in this claim.

### Administrative Tasks

It is within the administrative law judge's discretion to determine whether an administrative task will be allowed or disallowed; an entry which implicitly includes legal work such as preparation of a document may be allowed even though the entry only states that such letter was faxed or mailed. See J.V. v. Edd Potter Company, Inc., BRB No. 07-0292 BLA (2007)(unpub). Additionally, entries which record the receiving, reviewing, and filing of correspondence may include, as essential attorney actions, "the critical acts of reading and reviewing to understand each of those documents." Id. See also Ratliff v. Dominion Coal Co., BRB Nos. 09-0869 BLA, 09-0870 BLA, 10-2066 BLA (Jan. 19, 2011)(unpub.).

I have reviewed Employer's arguments objecting to administrative tasks performed by Claimant's counsel's firm. I agree with the Employer that fees for clerical tasks relating to the taking of messages should be disallowed. Thus, I disallow the following two entries charged at .25 hours at $100.00 per hour: 04/01/2011[1](phone call from client to schedule office visit) and 05/25/2011 (phone call from client; left message for the attorney) for a total of $50.00.

I also agree with the Employer that fees relating to bookkeeping matters (billings, expenses, etc.) should be disallowed. Thus, I disallow the following entries, which all were charged at .25 hours at $100.00 per hour, for a total of $150.00: 02/17/2011 (bill client); 03/16/2011 (record payment); 04/12/2011 (issue check and bill client); 04/22/2011 (record payment); 04/27/2011 (issue check); and 06/01/2011 (bill client).

Upon consideration of the provisions of 20 C.F.R. §725.366, I conclude that the fee requested, except as noted above, is reasonable and is commensurate with the necessary work performed.

---

[1] Employer states in his objections to other charges for clerical services the date of 2011/05/25. My review of Claimant's counsel's fee petition indicates this service was performed by a legal assistant on 2011/04/01.

- 3 -

Accordingly, it is **ORDERED** that the Employer, Premier Elkhorn Coal Company, and its Carrier, Gatliff Coal Co. c/o Wells Fargo, pay Claimant's counsel at Wolfe Williams Rutherford & Reynolds $6,287.50 in compensation for professional services rendered Claimant plus $740.00 for miscellaneous expenses incurred.

*Adele H. Odegard.*

Adele H. Odegard
Administrative Law Judge

Cherry Hill, New Jersey

- 4 -

## SERVICE SHEET

Case Name: OSBORNE_DAVID_v_PREMIER_ELKHORN_COAL_

Case Number: 2010BLA05635

Document Title: **ATTORNEY FEE ORDER**

I hereby certify that a copy of the above-referenced document was sent to the following this 6th day of September, 2011:

*Jacqueline Kaczak*

**JACQUELINE KACZAK**
**LEGAL ASSISTANT**

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
        *{Hard Copy - Regular Mail}*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
Nashville, TN 37219-2456
        *{Hard Copy - Certified Mail}*

.        .


        *{Hard Copy - Regular Mail}*

Joseph E Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273-0625
        *{Hard Copy - Certified Mail}*

Premier Elkhorn Coal Company
200 Allison Blvd.
Corbin, KY 40701-7964
        *{Hard Copy - Regular Mail}*

Lois A Kitts, Esq.
James M. Kennedy, Esquire
Baird & Baird
162 Second Street
P.O. Box 351
Pikeville, KY 41502
        *{Hard Copy - Certified Mail}*

GATLIFF COAL CO.
c/o WELLS FARGO
P.O. BOX 3389
Charleston, WV 25333
        *{Hard Copy - Regular Mail}*

**U.S. Department of Labor**

Office of Administrative Law Judges
2 Executive Campus, Suite 450
Cherry Hill, NJ 08002

(856) 486-3800
(856) 486-3806 (FAX)



**Issue Date: 19 September 2011**

Case No.:     2010-BLA-05888

In the Matter of

**KENNETH TAYLOR**
　　Claimant

　　v.

**CONSOL OF KY, INC.**
　　Employer

　　and

**CONSOL ENERGY, INC.**
**c/o WELLS FARGO**
　　Carrier



　　and

**DIRECTOR, OFFICE OF WORKERS'**
**COMPENSATION PROGRAMS**
　　Party-in-Interest

## ATTORNEY FEE ORDER

　　Claimant's counsel's petition for attorney fees arises out of a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901, *et. seq.*, and the regulations issued thereunder, which are found in Title 20 of the Code of Federal Regulations. Regulations referred to herein are contained in that Title.

　　A hearing in this matter was held on June 1, 2011 in Hazard, Kentucky. At hearing, the parties appeared and agreed to remand for the payment of benefits. An Order of Remand was issued by the undersigned for payment of benefits on June 13, 2011. On July 5, 2011, Claimant's counsel, Joseph E. Wolfe, Esquire, filed an application for compensation for professional services rendered to the Claimant which covers representation services beginning on August 11, 2010, and ending on June 15, 2011. Claimant's counsel documented a total of 27.25 hours of services rendered at various hourly rates. Counsel requested a total of $5,537.50 in attorney fees. Further, Claimant's counsel documents $643.09 for miscellaneous expenses. The hourly rates were billed as follows:

- Attorney Joseph E. Wolfe at $300.00 per hour
- Attorney Ryan C. Gilligan at $225.00 per hour
- Attorney W. Andrew Delph at $200.00 per hour
- Full Time Legal Assistants at $100.00 per hour.

## Objections

On July 18, 2011, Employer's counsel submitted CONSOL of Kentucky, Inc.'s ("CONSOL") objections to Claimant's Attorney Fee Petition. This submission raised objections as to the following: Claimant's fee petition premature[1]; reasonableness of the hourly rates charged by Claimant's counsel; submission of fees in quarter hour increments, and fees claimed for administrative tasks performed. The Employer did not make any objection to the number of hours claimed.

An application for an attorney's fee under the Act must be "supported by a complete statement of the extent and character of the necessary work done." 20 C.F.R. § 725.366(a). The application must also "indicate the professional status (e.g., attorney, paralegal, law clerk, lay representative, or clerical) of the person performing such work, and the customary billing rate for each such person." Id. Any fee approved under the Act "shall be reasonably commensurate with the necessary work done." 20 C.F.R. § 725.366(b). The United States Court of Appeals for the Sixth Circuit has held that the lodestar method, i.e., "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," is an appropriate method for calculating fee awards under the Act. B & G Mining, Inc. v. Dir., OWCP [Bentley], 522 F.3d 657, 662-63 (6th Cir. 2008).

The Fourth Circuit Court of Appeals in Westmoreland Coal Co. v. Cox, 602 F.3d 276 (2010) held that an attorney may submit "evidence of the fees he has received in the past" as evidence to support a request for attorney's fees." The Benefits Review Board has recently held that "the rates awarded in other cases do not set the prevailing market rate, but provide some guidance as to what the market rate is." Leedy v. Superior Mining & Minerals, BRB No. 09-0693 BLA (June 30, 2010(unpub.)

I have reviewed the arguments of Employer. The burden is on the party seeking the fee to establish the reasonableness of the hourly rate. Parks v. Eastern Assoc. Coal Corp., 24 BLR 1-777 (2010). Employer has noted a decision by the United States Court of Appeals for the Fourth Circuit, in which the Fourth Circuit reduced the attorney's requested hourly rate from $250.00 to $200.00 for work performed before that Court in a federal black lung case, See Consolidation Coal Co. v. Williams, No. 05-2108 (4th Cir. Dec. 27, 2006)(unpub.). However, there also are multiple cases where Mr. Wolfe, a highly-experienced attorney, was awarded an hourly rate of $300.00. See B.L. v. JJ Coal Co., 2007-BLA-05145 (BRB July 22, 2008); G.M.M. v. Jamb Mining, Inc., 2007-BLA-05681 (BRB March 31, 2008); S.B. v. Dir., OWCP, 2006-BLA-00008 (BRB Sept. 27, 2007). In Bentley, the Sixth Circuit stated that while rates awarded in prior cases

---

[1] Employer contends this claim is presently pending before the Benefits Review Board ("BRB"), and until appellate review results in a decision awarding benefits, Claimant's counsel cannot collect an attorney fee. Employer's counsel is reminded that he appeared, and was in agreement at the June 1, 2011 hearing, to remand this claim to the District Director for payment of benefits, effective July, 2009. See Order of Remand dated June 13, 2011.

do not establish the prevailing market rate, prior awards can provide guidance for a location and field of practice "where there is only a relatively small number of comparable attorneys." Bentley, 522 F.3d at 664.

Considering the nature of the issues involved in this case, the experience and expertise of Mr. Wolfe and the members of his firm in this specialized area of the law, the fees awarded to Mr. Wolfe and other attorneys in this practice area, and the surveys of hourly rates for the geographic area, I find that counsel has established that $300.00 per hour for Mr. Wolfe's services, $225.00 per hour for Mr. Gilligan's services, $200.00 for Mr. Delph's services, and $100.00 for legal assistants services are reasonable.

### Reduction of Time

Employer objects to Attorney Wolfe's use of quarter hour increments, and requests each entry be evaluated for reasonableness as to the time expended by the reported individual. Employer argues that while required by federal regulations for work before the BRB under 20 C.F.R. § 820.203(d)(3), quarter hour increments are not required at the Administrative Law Judge Level. In C.B. v. Bowman Coal Co., BRB No. 07-0320 BLA (July 23, 2008) (unpub.), the Board affirmed the Administrative Law Judge's approval of use of quarter-hour increments in billing. Similarly, the Sixth Circuit concluded that quarter-hour increments for billing were proper in B&G Mining, Inc. v. Director, OWCP [Bentley], 522 F.3d 657 (6th Cir. 2008). As a result, I find no abuse in the use of quarter-hour billing increments in this claim.

### Administrative Tasks

It is within the administrative law judge's discretion to determine whether an administrative task will be allowed or disallowed; an entry which implicitly includes legal work such as preparation of a document may be allowed even though the entry only states that such letter was faxed or mailed. See J.V. v. Edd Potter Company, Inc., BRB No. 07-0292 BLA (2007)(unpub). Additionally, entries which record the receiving, reviewing, and filing of correspondence may include, as essential attorney actions, "the critical acts of reading and reviewing to understand each of those documents."· Id. See also Ratliff v. Dominion Coal Co., BRB Nos. 09-0869 BLA, 09-0870 BLA, 10-2066 BLA (Jan. 19, 2011)(unpub.).

I have reviewed Employer's arguments objecting to administrative tasks performed by Claimant's counsel's firm. I agree with the Employer that fees for clerical tasks relating to the taking of messages should be disallowed. Thus, I disallow the following four entries charged at .25 hours at $100.00 per hour: 10/05/2010 (phone call from client to make an appointment for an office visit); 11/26/2010[2] (phone call from client to schedule an office appointment); 01/05/2011 (phone call from client to schedule an office appointment), and 03/28/2011(phone call from client to schedule an office appointment) for a total of $100.00.

I also agree with the Employer that fees relating to bookkeeping matters (billings, expenses, etc.) should be disallowed. Thus, I disallow the following entries, which all were charged at .25 hours at $100.00 per hour, for a total of $200.00: 08/23/2010 (issue check);

---

[2] Employer states in his objections to entries appearing clerical in nature, the date of November 16, 2010. My review of Claimant's counsel's fee petition indicates this service was performed by a legal assistant on 11/26/2010.

10/20/2010 (bill client); 12/15/2010 (bill client); 02/17/2011 (analyze file for out-of-pocket expenses); 03/18/2011 (issue check); 04/13/2011 (bill client); 05/31/2011 (record payments), and 06/01/2011 (analyze file for out-of-pocket expenses).

Upon consideration of the provisions of 20 C.F.R. §725.366, I conclude that the fee requested, except as noted above, is reasonable and is commensurate with the necessary work performed.

Accordingly, it is **ORDERED** that the Employer, Consol of Kentucky, Inc., and its Carrier, Consol Energy, Inc., c/o Wells Fargo, pay Claimant's counsel at Wolfe Williams Rutherford & Reynolds $5,237.50 in compensation for professional services rendered Claimant plus $643.09 for miscellaneous expenses incurred.

Adele H. Odegard.

Adele H. Odegard
Administrative Law Judge

Cherry Hill, New Jersey

- 4 -

## SERVICE SHEET

Case Name: TAYLOR_KENNETH_v_CONSOL_OF_KY_INC_DIR_

Case Number: 2010BLA05888

Document Title: ATTORNEY FEE ORDER

I hereby certify that a copy of the above-referenced document was sent to the following this 19th day of September, 2011:

Jacqueline Kaczak:
JACQUELINE KACZAK
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
    *(Hard Copy - Ground (UPS))*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
Nashville, TN 37219-2456
    *(Hard Copy - Certified Mail)*

    *(Hard Copy - Regular Mail)*

Joseph E Wolfe, Esq.
Wolfe Williams Rutherford & Reynolds
470 Park Avenue
P.O. Box 625
Norton, VA 24273-0625
    *(Hard Copy - Certified Mail)*

Consol of KY, Inc.
CNX Center
1000 Consol Energy Drive
Cannonsburg, PA 15317-6506
    *(Hard Copy - Regular Mail)*

Waseem A Karim, Esq.
Jackson Kelly
175 East Main Street
Suite 500
P.O. Box 2150
Lexington, KY 40588-2150
    *(Hard Copy - Certified Mail)*

Consol Energy, Inc.
c/o Wells Fargo
P.O. Box 3389
Charleston, WV 25333-3389
    *(Hard Copy - Regular Mail)*

**U.S. Department of Labor**

Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)



**Issue Date: 12 August 2011**

Case No.    2010-BLA-5149

In the Matter of

RONALD B. MAY,
    Claimant,

    v.

EASTERN COAL CO.,
c/o PITTSTON COAL GROUP,
    Employer,

    and



SELF-INSURED THRU PITTSTON COMPANY,
c/o WELLS FARGO,
    Carrier,

    and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
    Party-in-Interest.

### ATTORNEY FEE ORDER

On June 6, 2011, I issued an Order of Remand for the payment of benefits in the above-captioned case. On June 6, 2011, Claimant's counsel, Mr. Joseph E. Wolfe, filed a Motion for Approval of Attorney Fees. Mr. Wolfe's fee petition represents work performed from October 13, 2009 to May 15, 2011.

The fee application is based on a total of 46.75[1] hours of work, specifically, 19.50 hours of work performed by Mr. Wolfe at an hourly rate of $300.00; 1 hour of work

---

[1] In his fee petition, Mr. Wolfe requested $9,575.00 for 52.75 hours. Upon further examination, the time entries actually total 46.75 hours. Therefore, I find that Mr. Wolfe's fee request is for $8,975.00 based on

performed by attorney Ryan C. Gilligan at an hourly rate of $225.00; 2.75 hours of work performed by attorney W. Andrew Delph at an hourly rate of $200.00; and 23.50 hours of work performed by legal assistants at a rate of $100.00[2] per hour. Mr. Wolfe included an itemized list of work performed by each individual, in quarter-hour increments.

In support of the fee request, Mr. Wolfe discussed his educational background, his 32 years of experience, and his Martindale-Hubbell ratings of "high to very high legal ability and very high ethical standards." (Letter accompanying fee petition, dated June 1, 2011). He also described the educational and professional backgrounds of attorneys Delph and Gilligan, and the legal assistants. Mr. Wolfe noted that "[i]n addition to representing clients over a wide regional basis[,] the attorneys also teach black lung legal technique methods at seminars and use what little influence they may have to further legal education in the coal producing areas and attempt to get more attorneys involved in representing claimants. Unfortunately the learning curve is high and the remunerative is very low and there are few new attorneys that go into Black Lung." In support of the hourly rates requested, Mr. Wolfe stated:

> The hourly rates are reasonable for the region in which we practice. In Survey of Law Firm Economics (2006), Altman & Weil found that the hourly rates for attorneys in the South Atlantic region range from $350 to $463 for attorneys with 31 or more years of experience, $330 to $450.00 for attorneys with 21 to 30 years of experience, $300 to $415 for attorneys with 16 to 20 years of experience, $280 to $395 for attorneys with 11 to 15 years of experience and $210 to $290 for attorneys with 4 to 5 years of experience. Hourly rates for attorneys in the Middle Atlantic region range from $370 to $525 for attorneys with 31 or more years of experience, $335 to $500.00 for attorneys with 21 to 30 years of experience, $318 to $445 for attorneys with 16 to 20 years of experience, $280 to $422 for attorneys with 11 to 15 years of experience and $215 to $325 for attorneys with 4 to 5 years experience. (copy omitted). As noted above, Attorney Wolfe has 31 years of experience.

> This area of practice is very very limited . . . . I feel the fee comparison (Altman & Weil), are valid for this area, if not low. Comparable niche practice in all areas of the USA often command $400 to $500 an hour for like experience.

---

19.50 hours at $300.00 per hour for Mr. Wolfe, 1 hour at $225.00 for Mr. Gilligan, 2.75 hours at $200.00 per hour for Mr. Delph, and 23.50 hours at $100.00 per hour for various legal assistants.

[2] The legal assistants' compensation was based on 29.50 hours. The correct amount is 23.50 hours at $100.00 per hour for a total of $2,350.00.

The Fourth Circuit Court of Appeals in *Westmoreland Coal Co. v. Cox*, 602 F.3d 276 (2010), held that an attorney may submit "evidence of the fees he has received in the past" as evidence to support a request for attorney's fees." The Benefits Review Board has recently held that "the rates awarded in other cases do not set the prevailing market rate, but provide some guidance as to what the market rate is." *Leedy v. Superior Mining & Minerals*, BRB No. 09-0693 BLA (June 30, 2010)(unpub.).

In support of a market rate, counsel submitted the following evidence of the fees that members of his law firm have received in the past:

1.    *S.B. v. Director, OWCP*, 2006-BLO-00008 (Sept. 27, 2007). (Judge Solomon awarded Mr. Wolfe $300 per hour and his associate Mr. Delph $200 per hour.);

2.    *Blevins v. Island Fork Construction, LTD.*, 2006-BLA-5543 (Nov. 3, 2006). (Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour);

3.    *L.O.C. (widow of D.B.C.) v. Virginia Pocahontas Co., Inc.* 2006-BLA-05015 (May 3, 2007). (Judge Solomon awarded Mr. Wolfe $300 per hour, and his associate Mr. Delph $200 per hour);

4.    *T.C., widow of A.C., v. Betty B. Coal Co.*, 2007-BLA-5165 (April 16, 2007). (Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour, and Mr. Belcher $250 per hour);

5.    *R.F. v. Ramblin Coal Co., Inc.*, 2004-BLA-06414 (Feb. 1, 2007). (Judge Solomon awarded Mr. Wolfe $300 per hour and Mr. Belcher, $250 per hour);

6.    *Hogston v. Blue Star Coal Corp.*, 2005-BLA-5418 (Nov. 29, 2006). (Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour and Mr. Belcher $250 per hour);

7.    *Looney v. Shady Lane Coal Corp.*, 2002-BLA-00122 (Oct. 23, 2007). (Judge Wood awarded Mr. Wolfe $300 per hour);

- 3 -

8.    *R.L.D. v. Buchanan Production Co.*, 2004-BLA-05819 (Nov. 6, 2007).
(Judge Chapman awarded Mr. Wolfe $300 per hour);

9.    *H. P. v. Premium Energy, Inc.*, 2007-BLA-5079 (Nov. 8, 2007).
(Judge Chapman awarded Mr. Wolfe $300 per hour, Mr. Belcher $200 per
hour, and Mr. Delph $150 per hour);

10.    *Osborne v. Island Creek Coal Co.*, 2007-BLA-5032 (Nov. 27, 2007).
(Judge Burke awarded Mr. Wolfe $300 per hour, Mr. Belcher $250 per
hour, Mr. Reynolds $200 per hour, and Mr. Delph is $200);

11.    *Wanda Hall, widow of Donald Hall, v. US. Steel Corp.*, 2005-BLA-5532
(May 24, 2007).
(Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour, and Mr. Belcher
$250 per hour);

12.    *C.V.R. v. Westmoreland Coal Co.*, 2007-BLA-5320 (May 8, 2008).
(Judge Chapman awarded Mr. Wolfe $300 per hour, Mr. Delph $200 per
hour, and Mr. Gilligan $125 per hour);

13.    *H.C. by D. T and R. W., Executors v. Queen Anne Coal Co.*
2006-BLA-05058 (June 25, 2007).
(Judge Solomon awarded Mr. Wolfe $300 per hour and Mr. Belcher $250
per hour);

14.    *G.M.M. v. Jamb Mining, Inc.*, 2007-BLA-5681 (March 31, 2008).
(Judge Chapman awarded Mr. Wolfe $300 per hour);

15.    *R.C., widow of H.C., v. Clinchfield Coal Co.*, 2007-BLA-5166 (May 8,
2008).
(Judge Chapman awarded Mr. Wolfe $300 per hour, and $200 per hour for
Mr. Delph);

16.    *C.E.C. v. Robin Resources, Inc.*, 2006-BLA-6117 (Oct. 1, 2007).
(Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour);

17.    *B.L. v. JJ Coal Co.*, 2007-BLA-5145 (July 22, 2008).
(Judge Chapman awarded Mr. Wolfe $300 per hour, $200 per hour for
Mr. Delph, and $175 per hour for Mr. Gilligan);

18.     *F.E. v. Upper Mill Mining Co.*, 2006-BLA-06092 (July 17, 2008).
(Judge Johnson awarded Mr. Wolfe $300 per hour, Mr. Delph $200 per
hour, and $175 per hour for Mr. Gilligan);

19.     *Barbara Boatright, widow of James W. Boatright v. Clinchfield Coal Co.*,
2005-BLA-05883 (Oct. 16, 2006).
(Judge Burke awarded Mr. Wolfe $300 per hour and Mr. Delph $200 per
hour);

(Letter attached to Motion for approval of attorney fees at p. 1-4)

On June 16, 2011, Employer filed an objection to the attorney fee request stating
the following:

1.     In B & G Mining, Inc. v. Director, OWCP [Bentley], 522 F.3d 657
(6th Cir. 2008) the court upheld the administrative law judge's reduction
of time spent 'receiving and filing correspondence,' as this constituted
clerical work. Traditional clerical duties are not properly compensable and
must be included as part of overhead in setting the hourly rate. These
unreimbursable expenses include local telephone calls, photocopying,
postage, and typing. Pritt v. Director, OWCP, 9 BLR 1-159 (1986); Marcum
v. Director, OWCP, 2 BLR 1-894 (1980).

2.     The fee applicant has submitted time entries that contain multiple
requests for clerical services that are not reimbursable. Some, but not all of
the quarter hour entries are listed as 'Analyze for follow up', 'Review file
for follow-up', 'Phone call from client; left message for attorney' or
'Analyze and review file to determine what follow-up is needed'. Some
were made within days or a few weeks of a previous entry for that same
type activity. The entries in question are dated 2009/10/19, 2009/11/16,
2009/12/02, 2009/12/07, 2009/12/16, 2010/01/04, 2010/02/09, 2010/03/19,
2010/04/23, 2010/05/12, 2010/05/19, 2010/06/25, 2010/07/08, 2010/07/23,
2010/07/26, 2010/07/27, 2010/07/30, 2010/08/05, 2010/11/30, and 2011/04/12.
Employer believes these entries are clerical duties that are not properly
compensable since they are part of the overhead.

### Discussion

An application for an attorney's fee under the Act must be "supported by a
complete statement of the extent and character of the necessary work done." 20 C.F.R.

- 5 -

§ 725.366(a). The application must also "indicate the professional status (e.g., attorney, paralegal, law clerk, lay representative, or clerical) of the person performing such work, and the customary billing rate for each such person." *Id.* Any fee approved under the Act "shall be reasonably commensurate with the necessary work done." 20 C.F.R. § 725.366(b). The Court of Appeals for the Sixth Circuit has held that the lodestar method, *i.e.,* "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," is an appropriate method for calculating fee awards under the Act. *B & G Mining, Inc. v. Director, OWCP [Bentley]*, 522 F.3d 657, 662-63 (6th Cir. 2008).

Hourly Rate:

Initially, a reasonable hourly rate must be calculated. The prevailing market rate, or "the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court," is a guideline for determining a reasonable hourly rate. *Bentley*, 522 F.3d at 633 (citing *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007)). Rates awarded in other cases, as well as published surveys of median rates, provide evidence of the market rate and may be looked to for guidance. *Bentley*, 522 F.3d at 664. An attorney's experience and qualifications are also an appropriate factor to consider. *Id.* at 663-64. The risk of loss borne by the claimant's attorney, however, is not an appropriate consideration. *Id.* at 666 (citing *City of Burlington v. Dague*, 505 U.S. 557, 565 (1992)). Evidence of rates received by attorneys performing insurance-defense work is entitled to "little to no weight." *Id.*

Considering the nature of the issues involved in this case, the experience and expertise of Mr. Wolfe and the members of his firm in this specialized area of the law, my own observation of their performance, Mr. Wolfe's high Martindale-Hubble rating, the surveys of hourly rates for the geographic area, and other relevant factors, I find that $300.00 per hour for Mr. Wolfe's services, $225.00 per hour for Mr. Gilligan's services, $200.00 per hour for Mr. Delph's services, and $100.00 per hour for the legal assistants' services represent reasonable hourly rates.

Hours Billed:

In addition to determining a reasonable hourly rate, the adjudication officer must determine if the total number of hours billed is reasonable in relation to the work performed. *Bentley*, 522 F.3d at 662-63. The adjudication officer may not disallow all time spent by counsel advising his client as to the status of his claim. *Lanning v. Director, OWCP*, 7 B.L.R. 1-314 (1984). Time spent writing status letters or placing status telephone calls may be included in the fee application, absent a finding of excessive status inquiries. Status inquiry letters may be justified by inordinate delays in processing the miner's claim. *Miller v. Director, OWCP*, 4 BLR 1-640 (1982); *Hill v. Director, OWCP*,

4 BLR 1-280 (1981); *Atchison v. Director, OWCP,* 2 BLR 1-699 (1979). Periodic review of a file is a legitimate recurring activity in prolonged cases and is, therefore, compensable. *McNulty v. Director, OWCP,* 4 BLR 1-128 (1981). Additionally, time spent explaining the decision to the claimant is also compensable. *Brown v. Director, OWCP,* 3 B.L.R. 1-95 (1979). Time spent preparing a fee petition, however, is not compensable. 20 C.F.R. § 725.366(b).

The Board has held that clerical services are considered part of overhead expenses and are factored into the hourly rate. *See Whitaker v. Director, OWCP,* 9 BLR 1-216 (1986); *T.S. v. Carter Branch Mining Company,* BRB No. 07-0144 BLA (December 14, 2007)(unpub.).    I agree and specifically find the following tasks represent noncompensable clerical tasks.

2009/12/02    Phone call from client; left a message for the attorney. (LNJ) 0.25

2010/04/30    Read email from Sullivan saying client is scheduled to see Dr. Khal on May 18. (DLL) 0.25

2010/05/12    Phone call to client to remind him of his appointment with Dr. Khal; left a voice mail message. (PAC) 0.25

2010/06/25    Phone call from client; left a message for the attorney. (LNJ) 0.25

2010/07/08    Phone call from client; left a message for the attorney. (LNJ) 0.25

2010/07/26    Phone call from client to schedule an office appointment. (BSX) 0.25

2010/07/27    Phone call from client to reschedule his office appointment. (ASH) 0.25

2010/11/30    Phone call from Ruth with Dr. Parker's office in Pikeville and note client wants to start seeing Dr. Parker at Family General Practice. (DLL) 0.25

2011/04/08    Phone call from client to make sure the hearing is still on. (VFWH) 0.25

2011/04/12    Phone call from client to make sure his hearing was canceled. (JEF) 0.25

Accordingly, the compensable the compensable hours for the legal assistants are reduced by 2.50 hours.

I find the remaining entries reasonable and necessary for the successful prosecution of this case on behalf of Claimant, namely 19.50 hours expended by Mr. Wolfe ($300/hr), 1.00 hour expended by Mr. Gilligan ($225/hr), 2.75 hours expended by Mr. Delph ($200/hr), and 21.00 hours expended by legal assistants ($100/hr). Accordingly, attorney fees in the amount of $8,725.00 are hereby approved.

## ORDER

IT IS HEREBY ORDERED that the Employer, Eastern Coal Company, pay the sum of $8,725.00 to the law firm of Wolfe Williams Rutherford & Reynolds for services rendered to Claimant in this case.

*Larry S. Merck*

LARRY S. MERCK
Administrative Law Judge


**NOTICE OF APPEAL RIGHTS:** If you are dissatisfied with the administrative law judge's order, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's order is filed with the district director's office. *See* §§ 725.478 and 725.479. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P. O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. *See* § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board.

After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed.

At the time you file an appeal with the Board, you must also send a copy of the appeal letter to: Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. *See* § 725.481.

If an appeal is not timely filed with the Board, the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to § 725.479(a).

## SERVICE SHEET

Case Name: MAY_RONALD_B_v_EASTERN_COAL_CO_DIR-_

Case Number: 2010BLA05149

Document Title: **ATTORNEY FEE ORDER**

I hereby certify that a copy of the above-referenced document was sent to the following this 12th
day of August, 2011:

*Emily J. Mancini*

**EMILY J. MANCINI**
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
    *(Hard Copy - Ground (UPS))*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
Nashville, TN 37219-2456
    *(Hard Copy - Certified Mail)*

Eastern Coal Corporation Group
C/O Pittston Coal Group
P.O. Box 1268
Abingdon, VA 24212
    *(Hard Copy - Certified Mail)*

Lois A Kitts, Esq.
P.O. Box 351
Pikeville, KY 41502
    *(Hard Copy - Certified Mail)*

Self-insured thru Pittston Comp.
% Wells Fargo
P/O/ Box 3389
Charleston, WV 25333
    *(Hard Copy - Certified Mail)*

*(Hard Copy - Certified Mail)*

Joseph E Wolf, Esq.
Wolfe, Williams & Rutherford
P.O. Box 625
Norton, VA 24273
    *(Hard Copy - Certified Mail)*

**U.S. Department of Labor**

Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)

Issue Date: 27 September 2011

Case No.:     2010-BLA-5403

In the Matter of

VIRGINIA R. KILGORE, Widow of
PRESTON KILGORE,
        Claimant,

        v.

LEE WEST COAL CO.,
(As subcontractor to Hawkins Coal Co.),
        Employer,

METLIFE,
(f/k/a Travelers Ins. Co.),
        Carrier,

        and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
        Party-in-Interest.

RECEIVED
SEP 2 9 2011

 WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS

## ATTORNEY FEE ORDER

        At the hearing on May 25, 2011, Employer conceded all issues regarding liability
for Virginia R. Kilgore's claim for black lung benefits. The case was then remanded on
June 6, 2011, to the District Director for payment of benefits.  On June 24, 2011,
Claimant's counsel, Mr. Joseph E. Wolfe, filed a Motion for Approval of Attorney Fees.
Mr. Wolfe's fee petition represents work performed from April 8, 2010, to June 10, 2011.[1]
He is also requesting the reimbursement of necessary costs for development of the case.

---

[1] Attorney Wolfe's cover letter reflects time spent by counsel on this matter from April 8, 2010, to June 10, 2010,
which, based on the submitted evidence, is a clerical error.

The fee application is based on a total of 20 hours of work, specifically 8.5 hours of work performed by Attorney Joseph E. Wolfe at a rate of $300.00 per hour; 0.5 hours of work performed by Attorney Ryan C. Gilligan at a rate of $225.00 per hour; 3 hours of work performed by Attorney W. Andrew Delph at a rate of $200.00 per hour; and 8 hours of work completed by legal assistants at a rate of $100.00 per hour.[2] Mr. Wolfe included an itemized list of work performed by each individual in quarter-hour increments and noted that the requested rates are their customary billing rates for black lung work. (Fee Application at pp. 1, 8-11).

In support of his fee request, Mr. Wolfe discussed his educational background, his 32 years of experience, and his Martindale-Hubbell ratings of "high to very high legal ability and very high ethical standards." (Fee Application at p. 1). He also described the educational and professional backgrounds of Attorneys Delph and Gilligan, as well as their collective experiences attending and participating in Black Lung conferences, completing "hundreds" of formal arguments before the Office of Administrative Law Judges and Benefits Review Board ("Board"), and teaching "black lung legal technique methods" to benefit coal producing areas. (p. 2). In support of the hourly rates requested, Mr. Wolfe stated:

> The hourly rates are reasonable for the region in which we practice. In Survey of Law Firm Economics (2006), Altman & Weil found that the hourly rates for attorneys in the South Atlantic region range from $350 to $463 for attorneys with 31 or more years of experience, $330 to $450.00 for attorneys with 21 to 30 years of experience, $300 to $415 for attorneys with 16 to 20 years of experience, $280 to $395 for attorneys with 11 to 15 years of experience and $210 to $290 for attorneys with 4 to 5 years experience. Hourly rates for attorneys in the Middle Atlantic region range from $370 to $525 for attorneys with 31 or more years of experience, $335 to $500.00 for attorneys with 21 to 30 years of experience, $318 to $445 for attorneys with 16 to 20 years of experience, $280 to $422 for attorneys with 11 to 15 years of experience and $215 to $325 for attorneys with 4 to 5 years experience. (copy attached) As noted above, Attorney Wolfe has 31 years of experience.
>
> This area of practice is very very limited . . . . I feel the fee comparison (Altman & Weil), are valid for this area, if not low. Comparable niche

---

[2] For ease of reference, the fee application, which includes the cover letter dated June 22, 2011 (pp. 1-4), the Motion for Approval of Attorney Fees (pp. 5-7), the itemized list of time spent representing the Claimant (pp. 8-13), the Client Ledger (pp. 14-16), and the Altman Weil 2006 *Survey of Law Firm Economics* (p. 17), will be referred to collectively as the Fee Application.

practice in all areas of the USA often command $400 to $500 an hour for
like experience.

(Fee Application at p. 2).

In addition, Mr. Wolfe cites to the 4th Circuit's decision in *Westmoreland Coal Co.
v. Cox*, 602 F.3d 276 (2010), which he claims holds that "an attorney may submit
evidence of the fees he has received in the past as evidence to support a request for
attorney's fees." *Id.* (internal quotation and citation omitted). Furthermore, he cites to a
Board decision, *Leedy v. Superior Mining & Minerals*, BRB No. 09-0693 BLA (June 30,
2010)(unpub.), in support of the proposition that "the rates awarded in other cases do
not set the prevailing market rate, but provide some guidance as to what the market
rate is." *Id.* (internal quotation and citation omitted). He then proceeds to list 19 cases
where he has been awarded "at least $300 per hour." *Id.* The extensive case listing also
includes amounts awarded to Mr. Delph and Mr. Gilligan. In all 19 cases, Mr. Wolfe
was awarded $300.00 per hour. In two of the cases, Mr. Gilligan was awarded $175.00
per hour and in one case he was awarded $125.00 per hour. In eight cases, Mr. Delph
was awarded $200.00 per hour and in one case, he was awarded $150.00 per hour. (Fee
Application at pp. 2-4).

Mr. Wolfe also attached a list of the legal assistants who worked on the case,
including their names, experience, qualifications and education. (Fee Application at
pp. 12-13). This is followed by a Client Ledger showing charges and dates (pp. 14-16),
as well as a copy of the 2006 Altman & Weil Survey of Law Firm Economics for Middle
Atlantic and South Atlantic regions (p. 17).

Finally, Mr. Wolfe included a request for reimbursement of necessary expenses
to be paid directly to Ms. Kilgore, including $50.00 to Pikeville Medical Center/Records,
$75.00 for Dr. Alexander/rereading x-ray, $52.38 for Pikeville Methodist
Hospital/Records, $6.00 for Appalachian Cardiology Clinic/Records, another $6.00 for
Appalachian Cardiology Clinic/Records, $493.15 for Pikeville Methodist
Hospital/Records, $9.00 for Appalachian Cardiology Clinic/Records, $10.88 for Hearing
Mileage, $2,500.00 for Dr. Joshua Perper, $14.00 for Pikeville Medical Center/Records,
and $10.00 to Dr. Mettu/Records, totaling $3,226.41. (Fee Application at p. 4).

The Employer filed an Objection to Attorney Fee Request ("Objection") on July 7,
2011. The Employer is opposed to the requested hourly rates and "to payment of
clerical, duplicate, or excessive charges." (Objection at p. 1). The Employer argues that
$300.00 per hour is "not commensurate with the complexity of the legal issues
presented in this case" and cites to a 6th Circuit case, *Mountain Clay, Inc. v. Collins*, Case

No. 06-4075 (March 3, 2008), in which it claims that Claimant's counsel sought $300.00 per hour and was awarded $200.00 per hour. (pp. 1-2).

The Employer also takes issue with the use of the Altman & Weil survey, mainly claiming that a copy of the survey was not included in the record, has no bearing on the market rate, and is of the wrong region. (Objection at p. 2). The Employer also argues that "strict reliance" on other fee awards is improper and that the fee should not be enhanced for "contingency or risk of loss." (p. 3).

The Employer also disputes the following specific charges:

... for leaving phone messages from client for legal assistant dated 2010/08/12, 2010/08/13; duplicate entries regarding phone call from client to go over case and administrator/executrix papers; an entry that client left a message for the attorney dated 2011/01/28; and, an entry dated 2011/05/25 client called to schedule an appointment. Excessive time spent analyzing file for follow up on 2010/08/05, 2010/08/10, 2010/12/07, 2010/12/14, 2011/01/20, 2011/02/25, 2011/03/02[.]  Charges for clerical services, such as phone call from client to schedule an office appointment dated 2011/05/25 that was the day of the hearing. There are also time charges for communicating, billing, or issuing checks to pay for litigation expenses dated 2011/06/07 and 2011/06/10. Lee West agreed to accept liability at the formal hearing. Post hearing charges for writing up notes, meeting with client, and reading and summarizing the remand order are excessive. These time entries total nearly three hours and are dated 2011/05/26, 2011/05/27, and 2011/06/07.

(Objection at pp. 3-4). Finally, the Employer states that the $2,500.00 payment to Dr. Perper is not supported by documentation and, therefore, should not be granted. (p. 4). In conclusion, the Employer requests that Mr. Wolfe file the Altman & Weil Survey, or that the hourly rates be set at $225.00, $150.00, and $60.00 for Mr. Wolfe, Mr. Gilligan, and the legal assistants, respectively; that documentation of the charges from Dr. Perper be filed; and that the excessive time entries be deleted. (p. 5).

## Discussion

Under Section 28 of the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 928, incorporated into the Black Lung Benefits Act at 30 U.S.C. § 932, an attorney's fee may be awarded in cases in which the claimant is found to be entitled to benefits. According to the regulations governing the award of attorney fees, 20 C.F.R. § 725.366, the application for fees "shall be supported by a complete statement of the

- 4 -

extent and character of the necessary work done, and shall indicate the professional status (*e.g.*, attorney, paralegal, law clerk, lay representative or clerical) of the person performing such work, and the customary billing rate for each such person." 20 C.F.R. § 725.366(a). This fee should be reasonable and should account for the "quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested." 20 C.F.R. § 725.366(b).

## Hourly Rate:

The lodestar method, the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, is an appropriate method for calculating fee awards under the Act. *B & G Mining, Inc. v. Director, OWCP [Bentley]*, 522 F.3d 657, 662-63 (6th Cir. 2008). The Supreme Court has held that an attorney's reasonable hourly rate is to be calculated according to the prevailing market rates in the relevant community. *Blum v. Stenson*, 465 U.S. 886, 895 (1984). The burden falls on the fee applicant to produce satisfactory evidence "that the requested rates are in line with those prevailing in the community for similar services by lawyers of comparable skill, experience, and reputation." *Id.* at 896 n.11.

While rates awarded in other cases do not set the prevailing market rate, they can provide some "inferential evidence of what a market rate is." *Bentley*, 522 F.3d at 664. "Reliance on awards in earlier cases might not be warranted in all instances.... However, where there is only a relatively small number of comparable attorneys ... an adjudicator can look to prior awards for guidance in determining a prevailing market rate." *Id.* When determining the appropriate hourly rate, it is reasonable for an adjudicator to consider factors such as an attorney's professionalism, experience, and the complexity of the case to determine the appropriate lodestar rate. *Id.* at 664-665. The reasonable hourly rate must be based on satisfactory specific evidence of the prevailing rate. *Westmoreland Coal Co. v. Cox*, 602 F.3d 276,290 (4th Cir. 2010). The reasonable prevailing rate can be drawn from several sources, including "evidence of the fees he has received in the past." *Id., see also, Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 175 (4th Cir. 1994) and *Parks v. Eastern Associated Coal Corp.*, BRB No. 09-0627 BLA n.5 (May 25, 2010) (published).

In *Maggard v. International Coal Group*, BRB No. 09-0271 BLA, at 4 (Apr. 15, 2010), Mr. Wolfe's incomplete fee petition was remanded by the Board and required to be resubmitted with the "professional status of each person for whose work a fee is claimed, and the normal billing rate of each person who performed services on behalf of the claimant" and evidence of the prevailing market rate. *Maggard v. International Coal*

*Group,* BRB No. 09-0271 BLA, at 2 (Nov. 8, 2010)(published). In his amended petition, Mr. Wolfe provided "an extensive list of black lung cases from 2006 to 2008, in which he was awarded an hourly rate of $300.00." *Id.* This, in combination with "evidence of his expertise and experience in the field of black lung litigation," was sufficient to establish market rate for appellate work before the Board. *Id.* Mr. Wolfe was not awarded fees for the legal services provided by his legal assistants, however, because he failed to identify their "training, education, and experience." *Id.* at 3.

The law firm involved in this case, Wolfe Williams Rutherford & Reynolds, handles a significant number of black lung cases in its region and there have been numerous awards by Administrative Law Judges and the Board of fees similar to those requested here, as evidenced by the numerous cases submitted with Mr. Wolfe's fee petition. Considering the significant amount of black lung litigation completed by this firm, the fee customarily charged by the attorneys involved is relevant for assessing market rates.

Arguing against awarding the customary billing rate for these attorneys, the Employer states that this is "not commensurate with the complexity of the legal issues presented in this case" and cites to a 6th Circuit case where Mr. Wolfe was awarded $200.00 per hour. (Objection at pp. 1-2). The two paragraphs included by the Employer contain no reasoning explaining the award of $200.00 per hour, other than "counsel did not indicate what his customary billing rate is," nor does it indicate that the attorney involved is, in fact, Mr. Wolfe. *Id.* at 7. Because Mr. Wolfe has included a statement of his customary billing rate in the case at hand and because no reasoning is provided to support reliance on the 6th Circuit case, I do not find it persuasive.

The Employer also argues that use of the Altman & Weil survey is not proper because a copy of the survey was not included. (Objection at p. 2). Mr. Wolfe did, however, include a copy of the relevant portion of the Survey as the very last page of his fee petition. Additionally, the Employer claims that Norton, Virginia, is not included in the "South Atlantic" region and is, therefore, not indicative of the applicable geographically based market rate. (p. 2). The Employer also argues that "strict reliance" on other fee awards is improper and that the fee should not be enhanced for "contingency or risk of loss." (p. 3).

The Employer is correct that strict reliance on other fee awards, while not taking other factors into account, would not be considered substantial evidence of the prevailing market rate. The Altman & Weil survey is merely one factor to be considered among many, and the Employer's argument about the questionable geographic region is noted. However, under *Cox* and *Maggard,* Mr. Wolfe has submitted satisfactory specific evidence of the prevailing rate. *See also; Spence v. West Virginia Solid Energy,*

BRB No. 10-0477 BLA, at 3 (March 17, 2011) (unpublished)("administrative law judge permissibly relied upon counsel's prior fee awards in establishing the appropriate market rate"); *Pennington v. Lick Fork Mining Co.*, BRB No. 10-0140 BLA, at 9 (Oct. 29, 2010) (unpublished) ("where there is only a small number of comparable attorneys, a tribunal may look to prior awards for guidance in determining a prevailing market rate"). Due to the nature of black lung litigation, there are a relatively small number of comparable attorneys. Therefore, Mr. Wolfe's prior fee awards may guide this hourly rate determination.   While the prior fee awards alone are insufficient, those in combination with the experience of Mr. Wolfe and his associates and the quality of work submitted in the advancement of this case support the hourly rate requested in the fee petition.

As for Mr. Wolfe's associates, he is requesting $225.00 per hour for Mr. Gilligan, $200.00 per for Mr. Delph and $100.00 for the legal assistants. In the cases provided, Mr. Gilligan was awarded $175.00 per hour in one case and $125.00 per hour in another. This does not support the request for $225.00 per hour, so in light of his experience and education, the rate for Mr. Gilligan will be reduced to $175.00 per hour. In eight cases Mr. Delph was awarded $200.00 per hour, and in one case he was awarded $150.00 per hour. This, in combination with his experience in black lung litigation, supports the award of $200.00 per hour for Mr. Delph. Finally, the rate of $100.00 per hour for the legal assistants is reasonable in light of their extensive experience and will be granted.

In summary, considering the nature of the issues involved in this case, the experience and expertise of Mr. Wolfe and his firm, and the evidence submitted regarding his previous attorney fee awards, I find that $300.00 per hour for Mr. Wolfe's services, $200.00 per hour for Mr. Delph's services, $175.00 per hour for Mr. Gilligan's services, and $100.00 per hour for the legal assistants' services represent reasonable hourly rates.

#### Hours Billed:

In addition to determining a reasonable hourly rate, the adjudication officer must determine if the total number of hours billed is reasonable in relation to the work performed. *Bentley*, 522 F.3d at 662-63. The adjudication officer may not disallow all time spent by counsel advising his client as to the status of his claim. *Lanning v. Director, OWCP*, 7 BLR 1-314 (1984). Time spent writing status letters or placing status telephone calls may be included in the fee application, absent a finding of excessive status inquiries. Status inquiry letters may be justified by inordinate delays in processing the miner's claims. *Miller v. Director, OWCP*, 4 BLR 1-640 (1982); *Hill v. Director, OWCP*, 4 BLR 1-280 (1981); *Atchison v. Director, OWCP*, 2 BLR 1-699 (1979). Periodic review of a file is a legitimate recurring activity in prolonged cases and is,

- 7 -

therefore, compensable. *McNulty v. Director, OWCP*, 4 BLR 1-128 (1981). Additionally, time spent explaining the decision to the claimant is compensable. *Brown v. Director, OWCP*, 3 BLR 1-95 (1979). Time spent preparing the fee petition, however, is not compensable. 20 C.F.R. § 725.366(b).

The Employer takes issue with time spent contacting the Claimant, reviewing the case with the Claimant, and analyzing the file for follow up; as well as charges for "clerical services" such as scheduling an appointment with the Claimant. (Objection at pp. 3-4). Finally, the Employer also takes issue with work performed after the hearing. (pp. 3-4). The Board has held that clerical services are considered part of overhead expenses and are figured into the hourly rate. *See Whitaker v. Director, OWCP.* 9 BLR 1-216 (1986). Phone calls spent discussing the case with the client are not clerical in nature and will be allowed. However, 0.25 hours spent on 5/25/11 listed as "[p]hone call from client to schedule an office appointment" is clerical in nature and will be denied.

Additionally, time spent photocopying is typically considered to be clerical in nature. The 0.5 hours on 8/16/10 for "[m]eet with client in office; go over case status and scan a copy of the administrator papers and add her cell phone number to file" by one of the legal assistants is partly clerical in nature and will be reduced to 0.25 hours. The same is true of the 0.75 hours spent by a legal assistant listed as "[p]repare file for hearing including photocopying and binding 3 copies of the medical evidence; call client to remind her of the hearing and ask her to be at the hearing site 30 minutes early," and will, therefore, be reduced to 0.25 hours to eliminate the time spent making copies and binding. Therefore, a total of one hour will be reduced from the time requested by the legal assistants for clerical work.

Finally, the work performed after the hearing is reasonable and necessary and will be allowed. Time spent writing status letters or placing status telephone calls may be included in the fee application, absent a finding of excessive status inquiries. I do not find the time spent communicating with the client to be excessive in this case.

I find the other entries reasonable and necessary for the successful prosecution of this case on behalf of Claimant, namely 8.5 hours for Mr. Wolfe (at a rate of $300.00 per hour), .5 hours for Mr. Gilligan (at a rate of $175.00), 3 hours for Mr. Delph (at a rate of $200.00 per hour) and 7 hours for legal assistant time (at a rate of $100.00 per hour). Accordingly, attorney fees in the amount of $ 4,037.50 are hereby approved.

- 8 -

## Expenses and Costs:

Mr. Wolfe also requests reimbursement for the following "necessary" expenses, as follows:

| 11/23/04 | Pikeville Medical Center/Records | $50.00 |
|---|---|---|
| 11/24/04 | Dr. Alexander/rereading xray (Check 1657) | 75.00 |
| 12/20/04 | Pikeville Methodist Hospital/Records | 52.38 |
| 12/13/04 | Appalachian Cardiology Clinic/Records | 6.00 |
| 02/13/06 | Appalachian Cardiology Clinic/Records | 6.00 |
| 06/14/06 | Pikeville Methodist Hospital/Records | 493.15 |
| 12/13/06 | Appalachian Cardiology Clinic/Records | 9.00 |
| 05/16/07 | Hearing mileage | 10.88 |
| 11/04/09 | Dr. Joshua Perper | 2,500.00 |
| 11/25/09 | Pikeville Medical Center/Records | 14.00 |
| 11/27/09 | Dr. Mettu/Records | 10.00 |
| | Total | $3,226.41 |

(Fee Application at p. 4). A Client Ledger was also included with the Motion for Approval of Attorney Fees, but includes no other details about the charges. The only charge the Employer takes issue with is the $2,500.00 payment to Dr. Perper because it "is not supported by documentation of the charges from that physician or the nature of those charges." (Objection at p. 4).

Under 20 C.F.R. § 725.366(c), reasonable and unreimbursed expenses incurred in establishing the claimant's case may be awarded. The fee petition must be detailed enough to demonstrate relevance and connection to the claim, however. Therefore, without any documentation of this charge or explanation establishing its necessity, it is not appropriate for reimbursement. The rest of the charges appear to be reasonable; thus, a total of $726.41 in expenses will be ordered reimbursed. Therefore $ 4,037.50 in attorney fees and $726.41 in expenses, for a total of $4,763.91,[3] are hereby approved.

---

[3] Mr. Wolfe has requested that reimbursement for expenses be paid directly to Ms. Kilgore; however, the regulations involve compensation for a "representative seeking a fee for services performed on behalf of a claimant" not compensation for the claimant. Therefore, all payment shall be directed to Mr. Wolfe's offices, which may then compensate Ms. Kilgore for out-of-pocket expenses, as appropriate.

- 9 -

## ORDER

**IT IS HEREBY ORDERED** that Employer, Lee West Coal Co., as insured by Metlife, pay the sum of $4,763.91 to the law firm of Wolfe Williams Rutherford & Reynolds for services rendered to Claimant in this case.

*Larry S. Merck*

LARRY S. MERCK
Administrative Law Judge

**NOTICE OF APPEAL RIGHTS:** If you are dissatisfied with the administrative law judge's decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's decision is filed with the district director's office. *See* §§ 725.478 and 725.479. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. *See* § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board.

After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed.

At the time you file an appeal with the Board, you must also send a copy of the appeal letter to: Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. *See* § 725.481.

If an appeal is not timely filed with the Board, the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to § 725.479(a).

- 10 -

## SERVICE SHEET

Case Name: **KILGORE_VIRGINIA_R_v_LEE_WEST_COAL_CO_DIR_**

Case Number: **2010BLA05403**

Document Title: **ATTORNEY FEE ORDER**

I hereby certify that a copy of the above-referenced document was sent to the following this 27th day of September, 2011:

*Emily J. Mancini,*

**EMILY J. MANCINI**
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
        *{Hard Copy - Ground (UPS)}*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
Nashville, TN 37219-2456
        *{Hard Copy - Certified Mail}*

           ---  ----

:
A.

        *{Hard Copy - Certified Mail}*

JOSEPH E. WOLFE, ESQ.
P. O. BOX 625
NORTON, VA 24273
        *{Hard Copy - Certified Mail}*

LEE WEST COAL CO.
25 NORTH BACK STREET
PIKEVILLE, KY 41501
        *{Hard Copy - Certified Mail}*

METLIFE F/K/A/ TRAVELERS
P. O. BOX 1507
PITTSBURGH, PA 15230
        *{Hard Copy - Certified Mail}*

LOIS A. KITTS, ESQ.
P. O. BOX 351
PIKEVILLE, KY 41502
        *{Hard Copy - Certified Mail}*

**U.S. Department of Labor**

Office of Administrative Law Judges
36 E. 7th St., Suite 2525
Cincinnati, Ohio 45202

(513) 684-3252
(513) 684-6108 (FAX)



**Issue Date: 28 July 2011**

Case No.   2009-BLA-5808

In the Matter of

WALTER COLLINS,
    Claimant,

    v.

CAM-KENTUCKY, LLC,
    Employer,

    and

AMERICAN INTERNATIONAL SOUTH
INSURANCE,
    Carrier,

    and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS,
    Party-in-Interest.

RECEIVED

AUG 0 1 2011

WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS

## ATTORNEY FEE ORDER

On May 2, 2011, I issued a Decision and Order awarding benefits in the above-captioned case. On June 3, 2011, Claimant's counsel, Mr. Joseph E. Wolfe, filed a Motion for Approval of Attorney Fees. Mr. Wolfe's fee petition represents work performed from July 6, 2009 to May 5, 2011.

The fee application is based on a total of 55.50[1] hours of work, specifically, 19.75 hours of work performed by Mr. Wolfe at an hourly rate of $300.00; 16.25 hours of work performed by attorney Ryan C. Gilligan at an hourly rate of $225.00; 6.25 hours of work performed by attorney W. Andrew Delph at an hourly rate of $200.00;[2] and 13.25 hours of work performed by legal assistants at a rate of $100.00 per hour. Mr. Wolfe included an itemized list of work performed by each individual, in quarter-hour increments.

In support of the fee request, Mr. Wolfe discussed his educational background, his 32 years of experience, and his Martindale-Hubbell ratings of "high to very high legal ability and very high ethical standards." (Letter accompanying fee petition, dated June 1, 2011). He also described the educational and professional backgrounds of attorneys Delph and Gilligan, and the legal assistants. Mr. Wolfe noted that "[i]n addition to representing clients over a wide regional basis[,] the attorneys also teach black lung legal technique methods at seminars and use what little influence they may have to further legal education in the coal producing areas and attempt to get more attorneys involved in representing claimants. Unfortunately the learning curve is high and the remunerative is very low and there are few new attorneys that go into Black Lung." In support of the hourly rates requested, Mr. Wolfe stated:

> The hourly rates are reasonable for the region in which we practice. In Survey of Law Firm Economics (2006), Altman & Weil found that the hourly rates for attorneys in the South Atlantic region range from $350 to $463 for attorneys with 31 or more years of experience, $330 to $450.00 for attorneys with 21 to 30 years of experience, $300 to $415 for attorneys with 16 to 20 years of experience, $280 to $395 for attorneys with 11 to 15 years of experience and $210 to $290 for attorneys with 4 to 5 years of experience. Hourly rates for attorneys in the Middle Atlantic region range from $370 to $525 for attorneys with 31 or more years of experience, $335 to $500.00 for attorneys with 21 to 30 years of experience, $318 to $445 for attorneys with 16 to 20 years of experience, $280 to $422 for attorneys with 11 to 15 years of experience and $215 to $325 for attorneys with 4 to 5 years experience. (copy omitted). As noted above, Attorney Wolfe has 31 years of experience.

---

[1] In his fee petition, Mr. Wolfe requested $12,106.25 for 66.50 hours. Upon further examination, the time entries actually total 55.50 hours. Therefore, I find that Mr. Wolfe's fee request is for $12,156.25 based on 19.75 hours at $300.00 per hour for Mr. Wolfe, 16.25 hours at $225.00 for Mr. Gilligan, 6.25 hours at $200.00 per hour for Mr. Delph, and 13.25 hours at $100.00 per hour for various legal assistants' time.

[2] W. Andrew Delph's compensation was based on 6.00 hours. The correct amount is 6.25 hours at $200.00 per hour for a total of $1,250.00.

-- 2 --

This area of practice is very very limited . . . . I feel the fee comparison (Altman & Weil), are valid for this area, if not low. Comparable niche practice in all areas of the USA often command $400 to $500 an hour for like experience.

...

The Fourth Circuit Court of Appeals in *Westmoreland Coal Co. v. Cox*, 602 F.3d 276 (2010). held that an attorney may submit "evidence of the fees he has received in the past" as evidence to support a request for attorney's fees." The Benefits Review Board has recently held that "the rates awarded in other cases do not set the prevailing market rate, but provide some guidance as to what the market rate is." *Leedy v. Superior Mining & Minerals*, BRB No. 09-0693 BLA (June 30, 2010)(unpub.).

In support of a market rate, counsel submitted the following evidence of the fees that members of his law firm have received in the past:

1.   S.B. *v. Director, OWCP*, 2006-BLO-00008 (Sept. 27, 2007).
(Judge Solomon awarded Mr. Wolfe $300 per hour and his associate Mr. Delph $200 per hour.);

2.   *Blevins v. Island Fork Construction, LTD.*, 2006-BLA-5543 (Nov. 3, 2006).
(Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour);

3.   *L.O.C. (widow of D.B.C.) v. Virginia Pocahontas Co., Inc.* 2006-BLA-05015 (May 3, 2007).
(Judge Solomon awarded Mr. Wolfe $300 per hour, and his associate Mr. Delph $200 per hour);

4.   *T.C., widow of A.C., v. Betty B. Coal Co.*, 2007-BLA-5165 (April 16, 2007).
(Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour, and Mr. Belcher $250 per hour);

5.   *R.F. v. Ramblin Coal Co., Inc.*, 2004-BLA-06414 (Feb. 1, 2007).
(Judge Solomon awarded Mr. Wolfe $300 per hour and Mr. Belcher, $250 per Hour);

- 3 -

6. *Hogston v. Blue Star Coal Corp.*, 2005-BLA-5418 (Nov. 29, 2006). (Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour and Mr. Belcher $250 per hour);

7. *Looney v. Shady Lane Coal Corp.*, 2002-BLA-00122 (Oct. 23, 2007). (Judge Wood awarded Mr. Wolfe $300 per hour);

8. *R.L.D. v. Buchanan Production Co.*, 2004-BLA-05819 (Nov. 6, 2007). (Judge Chapman awarded Mr. Wolfe $300 per hour);

9. *H. P. v. Premium Energy, Inc.*, 2007-BLA-5079 (Nov. 8, 2007). (Judge Chapman awarded Mr. Wolfe $300 per hour, Mr. Belcher $200 per hour, and Mr. Delph $150 per hour);

10. *Osborne v. Island Creek Coal Co.*, 2007-BLA-5032 (Nov. 27, 2007). (Judge Burke awarded Mr. Wolfe $300 per hour, Mr. Belcher $250 per hour, Mr. Reynolds $200 per hour, and Mr. Delph is $200);

11. *Wanda Hall, widow of Donald Hall, v. US. Steel Corp.*, 2005-BLA-5532 (May 24, 2007). (Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour, and Mr. Belcher $250 per hour);

12. *C.V.R. v. Westmoreland Coal Co.*, 2007-BLA-5320 (May 8, 2008). (Judge Chapman awarded Mr. Wolfe $300 per hour, Mr. Delph $200 per hour, and Mr. Gilligan $125 per hour);

13. *H.C. by D. T and R. W., Executors v. Queen Anne Coal Co.* 2006-BLA-05058 (June 25, 2007). (Judge Solomon awarded Mr. Wolfe $300 per hour and Mr. Belcher $250 per hour);

14. *G.M.M. v. Jamb Mining, Inc.*, 2007-BLA-5681 (March 31, 2008). (Judge Chapman awarded Mr. Wolfe $300 per hour);

15. *R.C., widow of H.C., v. Clinchfield Coal Co.*, 2007-BLA-5166 (May 8, 2008). (Judge Chapman awarded Mr. Wolfe $300 per hour, and $200 per hour for Mr. Delph);

- 4 -

16.    *C.E.C. v. Robin Resources, Inc.*, 2006-BLA-6117 (Oct. 1, 2007).
(Judge Stansell-Gamm awarded Mr. Wolfe $300 per hour);

17.    *B.L. v. JJ Coal Co.*, 2007-BLA-5145 (July 22, 2008).
(Judge Chapman awarded Mr. Wolfe $300 per hour, $200 per hour for
Mr. Delph, and $175 per hour for Mr. Gilligan);

18.    *F.E. v. Upper Mill Mining Co.*, 2006-BLA-06092 (July 17, 2008).
(Judge Johnson awarded Mr. Wolfe $300 per hour, Mr. Delph $200 per
hour, and $175 per hour for Mr. Gilligan);

19.    *Barbara Boatright, widow of James W. Boatright v. Clinchfield Coal Co.*,
       2005-BLA-05883 (Oct. 16, 2006).
(Judge Burke awarded Mr. Wolfe $300 per hour and Mr. Delph $200 per
hour);

(Letter attached to Motion for approval of attorney fees at pp. 1-3)

No opposition to the fee request has been filed.

### Discussion

An application for an attorney's fee under the Act must be "supported by a
complete statement of the extent and character of the necessary work done." 20 C.F.R.
§ 725.366(a). The application must also "indicate the professional status (e.g., attorney,
paralegal, law clerk, lay representative, or clerical) of the person performing such work,
and the customary billing rate for each such person." *Id.* Any fee approved under the
Act "shall be reasonably commensurate with the necessary work done." 20 C.F.R.
§ 725.366(b). The Court of Appeals for the Sixth Circuit has held that the lodestar
method, *i.e.,* "the number of hours reasonably expended on the litigation multiplied by
a reasonable hourly rate," is an appropriate method for calculating fee awards under
the Act. *B & G Mining, Inc. v. Director, OWCP [Bentley]*, 522 F.3d 657, 662-63 (6th Cir.
2008).

Hourly Rate:

Initially, a reasonable hourly rate must be calculated. The prevailing market rate,
or "the rate that lawyers of comparable skill and experience can reasonably expect to
command within the venue of the court," is a guideline for determining a reasonable
hourly rate. *Bentley*, 522 F.3d at 633 (citing *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610,
618 (6th Cir. 2007)). Rates awarded in other cases, as well as published surveys of
median rates, provide evidence of the market rate and may be looked to for guidance.

*Bentley,* 522 F.3d at 664. An attorney's experience and qualifications are also an appropriate factor to consider. *Id.* at 663-64. The risk of loss borne by the claimant's attorney, however, is not an appropriate consideration. *Id.* at 666 (citing *City of Burlington v. Dague,* 505 U.S. 557, 565 (1992)). Evidence of rates received by attorneys performing insurance-defense work is entitled to "little to no weight." *Id.*

Considering the nature of the issues involved in this case, the experience and expertise of Mr. Wolfe and the members of his firm in this specialized area of the law, my own observation of their performance, Mr. Wolfe's high Martindale-Hubble rating, the surveys of hourly rates for the geographic area, and other relevant factors, I find that $300.00 per hour for Mr. Wolfe's services, $225.00 per hour for Mr. Gilligan's services, $200.00 per hour for Mr. Delph's services, and $100.00 per hour for the legal assistants' services represent reasonable hourly rates.

## Hours Billed:

In addition to determining a reasonable hourly rate, the adjudication officer must determine if the total number of hours billed is reasonable in relation to the work performed. *Bentley,* 522 F.3d at 662-63. The adjudication officer may not disallow all time spent by counsel advising his client as to the status of his claim. *Lanning v. Director, OWCP,* 7 B.L.R. 1-314 (1984). Time spent writing status letters or placing status telephone calls may be included in the fee application, absent a finding of excessive status inquiries. Status inquiry letters may be justified by inordinate delays in processing the miner's claim. *Miller v. Director, OWCP,* 4 BLR 1-640 (1982); *Hill v. Director, OWCP,* 4 BLR 1-280 (1981); *Atchison v. Director, OWCP,* 2 BLR 1-699 (1979). Periodic review of a file is a legitimate recurring activity in prolonged cases and is, therefore, compensable. *McNulty v Director, OWCP,* 4 BLR 1-128 (1981). Additionally, time spent explaining the decision to the claimant is also compensable. *Brown v. Director, OWCP,* 3 B.L.R. 1-95 (1979). Time spent preparing a fee petition, however, is not compensable. 20 C.F.R. § 725.366(b).

The Board has held that clerical services are considered part of overhead expenses and are factored into the hourly rate. *See Whitaker v. Director, OWCP,* 9 BLR 1-216 (1986); *T.S. v. Carter Branch Mining Company,* BRB No. 07-0144 BLA (December 14, 2007)(unpub.). I agree and specifically find the following tasks represent noncompensable clerical tasks.

2010/02/22   Phone call from client; left a message for the attorney. (LNJ) 0.25

2010/02/22   Phone call from client; left a message for the attorney. (KDP) 0.25

2010/03/12   Phone call from client; left a message for the legal assistant. (JEF) 0.25

- 6 -

2010/03/12    Phone call from client saying he received his hearing notice and note Dr. Alam ordered a CT scan after his exam with Dr. Khal in October. (VWH) 0.25

2010/04/06    Return call to client to reschedule the date of his office appointment. (BSX) 0.25

2010/04/06    Phone call from client to schedule an office appointment. (BSX) 0.25

2010/04/19    Phone call from JoAnn at Atty. Brown's office saying she has scheduled the deposition of Dr. Jarboe on May 13; calendar the date. (DLL) 0.25

2010/04/21    Phone call to Joy to ask that they call us when they are ready for Dr. Jarboe's deposition. (DLL) 0.25

2010/05/12    Phone call to Atty. Brown's office to confirm Dr. Jarboe's deposition is still on. (NAR) 0.25

2010/05/13    Phone call from client to get directions to Dr. Baker's office. (LNJ) 0.25

2010/05/26    Phone call from Joy with Atty. Brown's office asking if we have received a check for client's travel expenses to the exam with Dr. Broudy. (DLL) 0.25

2010/05/28    Phone call from client saying he received the medical forms and will come in for an office visit in June. (DLL) 0.25

2010/06/10    Phone call from Joy with Atty. Brown's officer to confirm receipt of client's mileage check; review file and tell her we did not receive the check. (DLL) 0.25

2010/06/12    Voice mail message from Joanna with Atty. Brown's office asking if we have received the check for client's travel expenses to exam with Dr. Broudy; review file and note we have not received the check. (RCT) 0.25

2010/06/14    Phone call from Joy with Atty. Brown's office asking again about the expense check; call to client and note the RO sent the check directly to him; call to Joy and tell her check was sent directly to client. (DLL) 0.25

2010/06/15    Phone call from client to schedule an office appointment. (JEF) 0.25

- 7 -

2010/06/22    Call to Alvena to check on status of Dr. Baker's report. (JEW) 0.25

2010/07/06    Phone call from client to schedule an office appointment. (ASH) 0.25

2010/07/07    Phone call to client to see if he has sent his payment for Dr. Alexander to reread his film. (PAC) 0.25

2010/07/22    Phone call to Joy at Atty. Brown's office to check on status of request for films dated 6/15/10 and 4/19/09 for rereading. (PAC) 0.25

2010/07/22    Phone call from Joy saying she is mailing out the requested films. (PAC) 0.25

2010/07/27    Phone call to Joy to confirm the films were mailed out. (PAC) 0.25

2010/07/30    Analyze file for out-of-pocket expenses. (VRM) 0.25

2010/08/13    Telephone call from Atty. Brown's office to tells (sic) us to correct the suite # on future mailings to Suite 100. (NAR) 0.25

2011/02/17    Phone call from client; left a message for the attorney. (JEF) 0.25

2011/05/05    Phone call from client to make sure we received our copy of the award. (DLL) 0.25

Accordingly, the compensable hours for Mr. Wolfe are reduced by 0.25 and the compensable hours for the legal assistants are reduced by 6.25 hours.

I find the remaining entries reasonable and necessary for the successful prosecution of this case on behalf of Claimant, namely 19.50 hours expended by Mr. Wolfe ($300/hr), 16.25 hours expended by Mr. Gilligan ($225/hr), 6.25 hours expended by Mr. Delph ($200/hr), and 7 hours expended by legal assistants ($100/hr). Accordingly, attorney fees in the amount of $11,456.25 are hereby approved.

## ORDER

IT IS HEREBY ORDERED that the Employer, Cam-Kentucky, LLC, pay the sum of $11,456.25 to the law firm of Wolfe Williams Rutherford & Reynolds for services rendered to Claimant in this case.

*Larry S. Merck*

LARRY S. MERCK
Administrative Law Judge

- 8 -

**NOTICE OF APPEAL RIGHTS:** If you are dissatisfied with the administrative law judge's order, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's order is filed with the district director's office. *See* §§ 725.478 and 725.479. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P. O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. *See* § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board.

After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed.

At the time you file an appeal with the Board, you must also send a copy of the appeal letter to: Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. *See* § 725.481.

If an appeal is not timely filed with the Board, the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to § 725.479(a).

- 9 -

## SERVICE SHEET

Case Name: COLLINS_WALTER_v_CAM-KENTUCKY_LLC_

Case Number: 2009BLA05808

Document Title: ATTORNEY FEE DECISION

I hereby certify that a copy of the above-referenced document was sent to the following this 28th day of July, 2011:

*Emily J. Mancini,*

EMILY J. MANCINI
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
        *(Hard Copy - Ground (UPS))*

Associate Regional Solicitor
U. S. Department of Labor
Suite 230
618 Church Street
Nashville, TN 37219-2456
        *(Hard Copy - Certified Mail)*

Cam-Kentucky LLC
P. O. Box 1169
Pikeville, KY 41502
        *(Hard Copy - Certified Mail)*

American Inter- national South Ins.
Attn: Melissa A. Stevens
P. O. Box 70069
Louisville, KY 40270
        *(Hard Copy - Certified Mail)*

Wm. E. Brown, II, Esq.
167 West Main Street
Suite 1000
Lexington, KY 40507
        *(Hard Copy - Cerntfied Mail)*

ı

        *(Hard Copy - Certified Mail)*

Joseph E. Wolfe, Esq.
Wolfe, Williams & Rutherford
P. O. Box 625
Norton, VA 24273
        *(Hard Copy - Certified Mail)*

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



Issue Date: 30 November 2010

Case Nos.: 2007-BLA-5120

In the Matter of:

Lloyd A. Cox,
     Claimant

v.

Westmoreland Coal Company,
     Employer

and

Director, Office of Workers' Compensation
Programs,
     Party-In-Interest.

RECEIVED
DEC 0 2 2010

WOLFE, WILLIAMS, RUTHERFORD & REYNOLDS

## ORDER AWARDING ATTORNEY FEES

On July 30, 2010, the Benefits Review Board (Board) issued an Order remanding this case to the Office of Administrative Law Judges for further proceedings consistent with the decision of the United States Court of Appeals for the Fourth Circuit in *Westmoreland Coal Company v. Cox*, 602 F.3d 276 (4th Cir. 2010). The file was received in this office on August 25, 2010.

In its decision, the Fourth Circuit affirmed my award of benefits to the Claimant, but vacated my award of attorney's fees to Claimant's counsel. The Court found that I erred in excusing the Claimant's attorney from his burden to provide evidence of an applicable prevailing rate as a starting point for the attorney's fee analysis.

On July 30, 2010, I issued an Order providing the Claimant's attorney time to submit evidence in support of his requested hourly rate, and the Employer to respond to this submission. On October 13, 2010, Claimant's counsel submitted additional argument in support of the hourly rates in his Attorney Fee Petition. On November 2, 2010, the Employer submitted its Response on Remand to Attorney Fee Petition.

*Hourly Rate*

In his original fee petition, Mr. Wolfe asked for an hourly rate of $400 for his time; $250 for that of his associate, Bobby S. Belcher, Jr.; $200 for that of his associate, W. Andrew Delph; and $100 an hour for his legal assistants' time. In support of his petition, Mr. Wolfe noted his 32 years of experience. Mr. Belcher's 16 years of experience, and that Mr. Delph graduated from law school in 2000 and has been admitted to practice in the Commonwealth of Virginia for "several" years. Additionally, Mr. Wolfe noted that his firm has extensive experience with black lung cases, and that generally black lung cases involve a significant amount of risk.

Mr. Wolfe relied on the Altman & Weil 2006 Survey of Law Firm Economics ("Altman & Weil"), which lists the hourly rates for attorneys in the South Atlantic Region as ranging from $350 to $463 for attorneys with 31 or more years of experience, $330 to $450 for attorneys with 21 to 30 years of experience, $300 to $415 for attorneys with 16 to 20 years of experience, $280 to $395 for attorneys with 11 to 15 years of experience, and $210 to $290 for attorneys with 4 to 5 years of experience. He also listed the Altman & Weil rates for attorneys in the Middle Atlantic region, which were either the same or greater than those for the South Atlantic Region for the same experience levels. Mr. Wolfe argued that his requested hourly rates are reasonable, given the complexity of black lung litigation, and the experience and reputation of the firm's attorneys. Mr. Wolfe stated that he knew of no other attorneys who currently handle black lung work in Virginia or take new cases in this area of law. He described the practice area as very limited, and explained how it is almost impossible to find attorneys who perform this work. He felt that the fee comparison to the Altman & Weil survey was valid, if not low, for the area. He noted that comparable niche practices in all areas of the United States often command $400 to $500 an hour for like experience.

In his October 13, 2010 submission, Mr. Wolfe stated that these hourly rates are his customary billing rates. He stated that 99% of his work is performed on a contingency basis, and thus he has very few fee paying clients, generally with respect to matters such as preparing wills, deed, or non contested divorces for a flat rate. Mr. Wolfe included a list of 23 fee petition awards, from 2007, 2008, and 2010, in which he was awarded a fee of $400 an hour, Mr. Delph $200 an hour, Mr. Gilligan $175 an hour, and legal assistants $100 an hour.

Mr. Wolfe argued that the hourly rates he requested were further justified by the quality of the representation, the qualifications of the attorneys, and the complexity of the issues involved. He noted that this claim involved a myriad of medical evidence, including x-rays, CT scans, medical opinions, biopsy evidence, and voluminous treatment records, and the complex issue of complicated pneumoconiosis. Mr. Wolfe argued that the requested hourly rates were reasonable and supported by rates received consistently in the past.

The Employer argued that the Fourth Circuit had "recently" reduced Mr. Wolfe's hourly rate to $250 an hour, and his legal assistants' rate to $75 an hour, in January 2007.[1] The Employer also cited to the Fourth Circuit's award of $175 an hour in a case under the Privacy Act, a "one-of-a-kind" case, in which the Judge based the amount on the hourly rates he grants in Social Security cases. The Employer also objected to Mr. Wolfe's reliance on the 2002 Altman Weil Survey of Law Firm Economics, arguing that it included West Virginia, New York, Washington, D.C., Maryland, and all of New England, skewing the results. The Employer

---

[1] Actually, this "recent" Order was issued on January 4, 2006.

- 2 -

argued that $300 an hour would put him in the 9th percentile of earnings for lawyers in the entire mid-Atlantic region, with a resulting $504,000 annual salary.

The Employer also disagreed with Mr. Wolfe's claim that the approval rate is five percent in federal black lung cases, and in any event, this is not a valid reason for increasing an hourly rate. The Employer requested that Mr. Wolfe's rate be reduced to no more than $250 an hour, and the rate for legal assistants to $75 an hour, consistent with the hourly rate usually awarded to attorneys practicing in federal black lung claims. Other than the January 2006 Order that the Employer attached, the Employer did not provide any documentation of the hourly rate "usually awarded" to attorneys in federal black lung claims.

## DISCUSSION

Counsel for Claimant must set forth the hourly rate requested in his fee petition. It is the responsibility of the petitioning attorney to establish the reasonableness of the hourly rate based on the quality of the representation, his or her qualifications, the complexity of the legal issues involved, and the level of the proceedings. *Prat v. Director, OWCP*, 9 B.L.R. 1-159 (1986). To determine whether such a rate is appropriate, several factors must be considered, including the location of the representative or counsel, his or her years of experience, the level of expertise, and the complexity of the case. Additional factors which may be considered are the risk of loss, delay in payment, and the amount of the award of benefits. *Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983).

Additionally, in *Westmoreland Coal Co. v. Director, OWCP [Cox]*, 601 F.3d 1013, (4th Cir. 2010), the Court noted that there are a variety of "sources" from which to determine a prevailing hourly rate, including evidence of fees received by the attorney in the past, affidavits of other lawyers, and fees awarded in other administrative proceedings of similar complexity.

Having had the opportunity to observe Mr. Wolfe practice on a number of occasions, I find him to be a highly competent, highly experienced, and highly qualified attorney. Mr. Wolfe represented that his firm has handled black lung cases for 32 years, and is recognized as one of a few firms willing to represent coal miners in Virginia. He represented that the firm's attorneys are very experienced in this field. Mr. Wolfe is rated as high to very high in legal ability in the Martindale-Hubbell ratings. The attorneys in his firm also teach black lung legal techniques at seminars. As he stated in his fee petition, Mr. Wolfe has been practicing law for 32 years, and has handled countless Black Lung claims for as many years. He represented his client in the case zealously and competently.

Along with his detailed account of services, Mr. Wolfe submitted an excerpt from the 2006 *Survey of Law Firm Economics*, published by Altman & Weil. I have considered the information contained in that particular survey, and I take judicial notice of the hourly rates reported therein.[2] *See Schneider v. Director, OWCP*, 2 B.L.R. 1-918, 1-926 (1980).

The Regulations require that I take into account the quality of the representation, the qualifications of the representative, the complexity of the legal issues involved, the level of

---

[2] Mr. Wolfe did not rely on the *2002* survey, as stated by the Employer.

proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of fee requested in making a decision about attorneys' fees. *See* 20 C.F.R. §725.366(b); *Pritt v. Director, OWCP*, 9 BLR 1-159 (1986). I have done so in forming my decision as to the appropriate attorneys' fees in this matter.

While Employer noted cases in which the Fourth Circuit reduced fees, I do not agree that Mr. Wolfe's rate must be the same or less than what the Fourth Circuit awarded in *Chao* or what the Federal District Court awarded in *Barker*. What is to be considered in awarding attorneys' fees is whether the fees are reasonable and necessary—while it is helpful to look to other cases to see what is considered reasonable, such decisions are not determinative. Additionally, *Barker* and *Chao* are unpublished cases, which do not set precedent. Further, the Benefits Review Board has held that each case is based on its own facts and circumstances, and other awards are not binding. *O.R.H. v. Blue Star Coal Corp.*, BRB No. 07-0124 BLA (Oct. 30, 2007) (unpub.); *Whitaker v. Director, OWCP*, 9 B.L.R. 1-216 (1986).

I have taken judicial notice of the Altman Weil survey in a number of cases, and find it useful in providing direction as to what constitutes a reasonable attorneys' fee. I have relied on the 2006 Altman & Weil Survey, which reflects the average hourly rates for attorneys in different regions around the country.

Employer is incorrect that the risk of loss associated with prosecuting black lung cases is irrelevant to the calculation of a reasonable hourly rate.[3] Section 725.366(b) of Title 20 of the Federal Code of Regulations sets forth the criteria to be considered in determining the appropriate hourly rate in a black lung case. *See Schneider v. Director, OWCP*, 2 B.L.R. 1-928 (1980); *Bowen v. Director, OWCP*, 2 B.L.R. 1-929 (1979) ("[A] fee award . . . must be based on the factors specified in § 725.366(b).") The list of criteria includes the quality of representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, the level at which the representative entered the proceedings, and any other information which may be relevant to the amount of the fee

---

[3] Employer is incorrect in arguing that the approval rating is irrelevant in assessing an hourly rate because the approval rating is directly related to the risk of loss associated with prosecuting black lung cases. Section 725.366(b) of Title 20 of the Federal Code of Regulations sets forth the criteria to be considered in determining the appropriate hourly rate in a black lung case. *See Schneider v. Director, OWCP*, 2 B.L.R. 1-928 (1980); *Bowen v. Director, OWCP*, 2 B.L.R. 1-929 (1979) ("[A] fee award . . . must be based on the factors specified in § 725.366(b).") The list of criteria includes the quality of representation, the qualifications of the representative, the complexity of the legal issues involved, the level of proceedings to which the claim was raised, and any other information which may be relevant to the amount of the fee requested. § 725.366(b). In addition, the Benefits Review Board has recognized that the risk of loss associated with prosecuting black lung claims is a factor is incorporated into the hourly rate. *See Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983). Thus, risk of loss is a factor to be considered under § 725.366(b). While the Board has generally held that *enhancement* for risk of loss in black lung claims is inappropriate and has eschewed using contingency multipliers, taking into account the risk of loss in deciding the appropriate hourly rate based on a number of factors, risk included, is a far cry from simply enhancing or multiplying a reasonable rate to account for contingency. *See Gibson v. Director, OWCP*, 9 B.L.R. 1-149 (1986); *Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983).

requested. § 725.366(b). In addition, the Benefits Review Board has long recognized that the risk of loss associated with prosecuting black lung claims is a factor that is incorporated into the hourly rate. *See Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983). Thus, risk of loss is a factor to be considered under § 725.366(b).

Taking these factors into account, as well as other factors, including the low rates of success for claimants in black lung litigation, and the contingent nature of the attorneys' fees, I find that the appropriate hourly rate for Mr. Wolfe is $300; for Mr. Belcher is $200; for Mr. Delph is $200; and for legal assistants is $100. I note that I have had the opportunity to observe all of these attorneys practice on a number of occasions; I find them to be highly competent, experienced, and qualified attorneys. They represented their client in the case at bar, which involved hard fought and complex issues, including the issue of complicated pneumoconiosis, zealously and competently. I find that Mr. Wolfe has sufficiently supported his fee petition with the information that he provided.[4]

I have reviewed Mr. Wolfe's summary of professional services, as well as the qualifications and experience of Mr. Wolfe and his staff in the black lung area of practice, and I find the amount of attorney time expended to be appropriate for this case. I find that the amount of time expended was not excessive or unreasonable, but rather reasonable and appropriate.

Since the total of hours spent on the claim is well documented and considering the hourly rate for professional service in connection with this claim, I approve Mr. Wolfe's attorney fee application for 50.5 hours.

### Conclusion

Based on the foregoing, I find that the appropriate hourly rates in this case are $300 an hour for Mr. Wolfe's time, $200 an hour for Mr. Belcher's time, $200 an hour for Mr. Delph's time, and $100 for legal assistants' time. Therefore, the total sum to be paid to Mr. Wolfe's firm is $9,775.00.

**SO ORDERED.**

*Linda S Chapman*

**LINDA S. CHAPMAN**
**Administrative Law Judge**

---

[4] I note that the Board, in *O.R.H. v. Blue Star Coal Corporation*, BRB No. 07-0124 BLA (October 30, 2007), affirmed a finding by the ALJ that the hourly rate of $300 for Mr. Wolfe's time was reasonable based on the Altman Weill survey, his experience level in the Black Lung area of law, and the fact that his office was one of the few in the area that accepted Black Lung cases.

## SERVICE SHEET

Case Name: **COX_LLOYD_A_v_WESTMORELAND_COAL_CO_**

Case Number: **2007BLA05120**

Document Title: **ORDER AWARDING ATTORNEY FEES**

I hereby certify that a copy of the above-referenced document was sent to the following this 30th day of November, 2010:

*Diane Johnson*

**DIANE JOHNSON**
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
        *{Hard Copy - Regular Mail}*

Associate Solicitor
U. S. Department of Labor
Division of Black Lung Benefits
Suite N-2117, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
        *{Hard Copy - Regular Mail}*

Associate Regional Solicitor
U.S. Department of Labor
22nd Floor West
1100 Wilson Boulevard
Arlington, VA 22209
        *{Hard Copy - Regular Mail}*

Joseph E. Wolfe, Esq.
Wolfe, Williams & Rutherford
PO Box 625
Norton, VA 24273-0625
        *{Hard Copy - Certified Mail}*

Westmoreland Coal Company
c/o Acordia Employers Service
Federal Black Lung Department
PO Box 3389
Charleston, WV 25333-3389
        *{Hard Copy - Regular Mail}*

Douglas A. Smoot, Esq.
Jackson & Kelly
PO BOx 553
Charleston, WV 25322-0533
        *{Hard Copy - Certified Mail}*

I

V

        *{Hard Copy - Regular Mail}*

_0697BL-OP_

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)

Issue Date: 27 September 2007

In the Matter of
S. B.
Claimant

Case No. 2006-BLO-00008

v.

**DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS**
Party-in-Interest

## SUPPLEMENTAL DECISION AND ORDER

This case comes on a Petition for Attorney's Fee filed by Joseph Wolfe, Esquire, pursuant to the provisions of Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. §§ 901 et seq. (the Act). The Director conceded that Claimant was without fault in the creation of the overpayment and that collection of the overpayment would defeat the purpose of the Act and that he is entitled to waiver of recovery of his overpayment. 20 C.F.R. § 404.508. The Director withdrew waiver as a contested issue.

On June 25, 2007, I entered an Order of Remand.

On August 28, Petitioner requested an attorney's fee for himself, an associate and a legal assistant.

Petitioner requests fees:

$2200.00 for himself based on an hourly rate of $400.00 per hour for 5.5 hours.

$50.00 for Andrew Delph, Esquire based on an hourly rate of $200.00 per hour for 0.25 hours.

$1,075 for a legal assistant, based on $100 per hour for 10. 75 hours.

The Director did not respond.

### Hourly Rate
*For attorneys*

Petitioner advises that he has more than 30 years of experience and received his degree from the University of Virginia. He cites to his Martindale-Hubbell rating.

Petitioner provided reference to Altman & Weill's *Survey of Law Firm Economics* (2006) to argue that his and his associates' hour rates are reasonable. The Fourth Circuit and other courts confine the "relevant market" to the judicial district where the action was tried. *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d at 175; *National Wildlife Fed'n v. Hanson*, 859 F.2d at 317. To determine whether a rate is appropriate, several factors must be considered, including the location of counsel, his or her years of experience, the level of expertise, and the complexity of the case. Additional factors which may be considered are the risk of loss, delay in

payment, and the amount of the award of benefits. *Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983). The Petitioner cites to Altman & Weil's Survey to support his contention that the requested hourly rate is reasonable. Specifically, the petitioner asserts that the hourly rates for attorneys in the South Atlantic region range from $280 to $450 for attorneys with 21 years of experience or more, $250 to $415 for attorneys with 16 to 20 years of experience, $230 to $395 for attorneys with 11 to 15 years of experience, and $165 to $250 for attorneys with less than 2 years of experience.[1] However, reference to the Survey is only one factor that may be used to prove that the claimed hourly rates are reasonable. Petitioner has not proffered any evidence that circumstances have changed in billing. The request of $400 per hour is high in the range set forth by the Survey as the average for someone of like experience is $334 per hour. The Survey provides a considerable range of fees for the South Atlantic region.

I have awarded Mr. Wolfe $300 per hour in *R.F. v. Ramblin Coal, Inc.* 2004 BLA 06414 (2007), in R.M. v. Try Lex of Kentucky, 2006-BLA-05049 (2007), *A.D vs Regent Allied Carbon Energy*, 2006-BLA-05911(2007), *RDC v. Peter Fork Mining*, 2006 BLA 05133(2007), *P.G., Widow of C.G. v. Island Creek Coal Company*, 2006-BLA-05501 (2007) and in *R.B. v. Consolidation Coal*, 2006-BLA-05035 (2007) .

I have awarded Petitioner $250 per hour under objection in other cases. E.G. *Cline v. Hobet Mining*, 2005-BLA-06153 ( June 16, 2006);*Reedy v. Clinchfield Coal Company*, 2004-BLA-00058 (June 6, 2005); *Spencer v. Dominion Coal*, 2004-BLA-05130 (July 1, 2005); *Betty S. Smith v. Clinchfield Coal Company*, 2006-BLA-05066 (April 11, 2006) and *Michael L. Hart v. Koch Carbon, Inc.*, 2004BLA 05456 (June 13, 2006).

I further note that Mr. Wolfe received an uncontested hourly rate of $250 per hour in *B.L.R. v. Garett Mining Inc.*, 2006BLA05022 (January 11, 2007); *Billy Ray Cline v. Rogers Coal Co, Inc*, 2003 BLA 05644 (ALJ decision, July 27,2004).

I do not accord any precedent to these cases, but I do note that it shows that Petitioner and his associates have received similar fees based on similar allegations.

Reference to the Survey is only one factor that may be used to prove that the claimed hourly rates are reasonable. I also accept that the Black Lung bar is very limited as alleged by Mr. Wolfe, and I find that the law may be arcane to the general practitioner. Black Lung cases are speculative in that a fee may not be assessed against the Employer where the claimant does not prevail. *General Dynamics Corp. v. Horrigan,* 848 F.2d 321 (1st Cir. 1987), *cert. denied.* 109 S.Ct. 554 (1988). Although prosecution of a Black Lung claim is not as complicated as some litigation, it is a unique area of law with distinct intricacies. According to proposed regulatory material, since the Act was amended in 1981, at the Office of Administrative Law Judges, the approval rate for such claims during the same period rose only to 7.6 percent. "The dramatically lower approval rates reflect not only the statutory changes, but also the increasing percentage of claims in which coal mine operators or their insurers, rather than the Black Lung Disability Trust Fund, are potentially liable. Their superior economic resources simply permit evidentiary development which outweighs the evidence claimants can procure." Also see also *Woodward v. Director, OWCP*, 991 F.2d 314, 321 (6th Cir. 1993). Such a rate of success speaks for itself. Therefore, the degree of difficulty in prevailing in such an atmosphere is quite high [2]

I do not accept that $400 per hour has been proven.

However, considering all of the factors, I find that $300 per hour more accurately represents local practice in Black Lung cases, for Mr. Wolfe. I accept that $200 per hour is reasonable for Mr. Delph.

### For a Paralegal

Petitioner requests $100.00 per hour for work done by legal assistants. Employer does not object.

However, although Employer has not objected, of the 10.75 paralegal requested hours, part is compensable and part is not. Traditional clerical duties are not properly compensable and must be included as part of overhead in setting the hourly rate. These unreimbursable expenses include local telephone calls, photocopying, postage, and typing. *Pritt v. Director, OWCP*, 9 B.L.R. 1-159 (1986); *Marcum v. Director, OWCP*, 2 B.L.R. 1-894 (1980). Time preparing correspondence is compensable. Scheduling an appointment is not compensable. Answering the telephone is not compensable. Some of the entries involve multiple tasks, some of which may be compensable and others not. Apparently half are.

Therefore, after a review of the file, I deduct 5 hours of paralegal time.

#### Calculation

| | | | | |
|---|---|---|---|---|
| Mr. Wolfe | 5.5 hours | X $300 per hour | = | $1650.00 |
| Mr. Delph | 0.25 | X $200 per hour | = | 50.00 |
| Paralegal | 5.75 hours | X $100 per hour | = | 575.50 |
| Total Fees | | | | $2275.50 |

### ORDER

In light of the foregoing, the Director is hereby ORDERED to pay Joseph E. Wolfe, Esquire, a sum of $2275.50 for representation services to Claimant.

SO ORDERED.

N: / Luna

DANIEL F. SOLOMON
Administrative Law Judge

NOTICE OF APPEAL RIGHTS: If you are dissatisfied with the decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the decision is filed with the district director's office. See 20 C.F.R. §§ 725.458 and 725.459. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. See 20 C.F.R. § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board.

After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed.

At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Allen Feldman, Associate Solicitor, Black Lung and Longshore Legal Services, U.S.

Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. See 20 C.F.R. § 725.481.

If an appeal is not timely filed with the Board, the supplemental decision becomes the final order of the Secretary of Labor pursuant to 20 C.F.R. § 725.479(a).

- 4 -

## SERVICE SHEET

Case Name: **BAILEY_STEVE_RAY_v_DIRECTOR_OWCP_**

Case Number: **2006BLO00008**

Document Title: **Supplemental Decision and Order**

I hereby certify that a copy of the above-referenced document was sent to the following this 27th day of September, 2007:

*Judith E. Hardesty*

**JUDITH HARDESTY**
LEGAL ASSISTANT

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
        *(Hard Copy - Regular Mail)*

Associate Regional Solicitor
U.S. Department of Labor
22nd Floor West
1100 Wilson Boulevard
Arlington, VA 22209
        *(Hard Copy - Regular Mail)*

*(Hard Copy - Regular Mail)*

Joseph E Wolfe, Esq.
P.O. Box 625
Norton, VA 24273
        *(Hard Copy - Regular Mail)*

55757
J&W

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)

Issue Date: 03 November 2006

In the Matter of

DEBORAH G. BLEVINS, Widow of
WILLIS C. BLEVINS
Claimant

Case No.: 2006 BLA 5543

v.

ISLAND FORK CONSTRUCTION, LTD./
WEST VIRGINIA CWP FUND
Employer/Insurer

and

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS
Party in Interest



RECEIVED
NOV 0 6 2006

WOLFE WILLIAMS & RUTHERFORD

Appearances:      Mr. Joseph E. Wolfe, Attorney
                  For the Claimant

                  Mr. Christopher M. Hunter, Attorney
                  For the Employer

Before:           Richard T. Stansell-Gamm
                  Administrative Law Judge

### SUPPLEMENTAL DECISION AND ORDER –
### PARTIAL AWARD OF ATTORNEY FEES

Pursuant to a Notice of Hearing, dated May 18, 2006, I set a hearing date of September 13, 2006 for this case in Abingdon, Virginia. On July 31, 2006, I received notice from counsel for the Employer/Insurer that the Employer was withdrawing its contest of liability in this claim and requesting a remand. Based on counsel's representation, I cancelled the hearing and remanded the case on July 31, 2006 for administrative disposition.

On September 6, 2006, I received an attorney fee petition from Claimant's counsel, Mr. Wolfe. While Mrs. Blevin's case was before the Office of Administrative Law Judges, Mr. Wolfe and a legal assistant provided of 11.25 hours of professional services, at the respective hourly rates of $400 and $100, for a total attorney fee in the total amount of $4,275.00.

On September 15, 2006, I received a response to the attorney fee petition from the Employer's counsel, Mr. Hunter, objecting to the fee petition because the charged hourly rates are unreasonable and excessive considering the nature and extent of the litigation and the location of his practice.

As part of his fee petition, Mr. Wolfe attached an attorney rate survey as of January 1, 2002 for the South Atlantic region.[1]  For various lengths of attorney experience, the survey shows an average rate, a lower quarter rate, a median rate, and upper quarter rate. In regards to Mr. Wolfe, he has over 29 years of experience.  In that experience bracket, Mr. Wolfe's requested hourly fee of $400 well exceeds the average rate of $289 and is also above the upper quartile of $325.

In support of his hourly rate, Mr. Wolfe asserts his rate is reasonable considering that he is one of the very few attorneys in the region that will represent black lung disability claimants. By comparison, other "niche" practices in the country often charge $400 to $500 an hour. Additionally, as a highly experienced attorney in this unique area of the law, Mr. Wolfe handles significantly complex issues. Finally, Mr. Wolfe notes that his law firm has charged the same rates for several years without an increase.

Based on the above considerations, I approve an hourly rate of $300 for Mr. Wolfe.  His demonstrated expertise in black lung cases certainly warrants an hourly rate above the average rate for his years of experience.  At the same time, considering that the South Atlantic survey does not include any distinction between counsel practicing in large metropolitan areas and attorneys working in much smaller communities, and considering that Mr. Wolfe's practice is centered in southwestern Virginia, I do not believe an hourly rate greatly above the average rate of $289 and exceeding the upper quartile of $325 is appropriate at this time.  Additionally, I do not consider the charged legal assistant hourly rate of $100 to be unreasonable or excessive.

Based on the approved hourly rates, and in the absence of any other objection, I approve the attorney fee request as follows:

| | | | | | |
|---|---|---|---|---|---|
| Mr. Wolfe | 10.50 hours | x | $ 300.00 | = | $ 3,150.00 |
| Legal Assistant | 0.75 hours | x | 100.00 | = | 75.00 |
| Totals: | 11.25 hours | | | | $ 3,225.00 |

---

[1]Though he indicated the 2002 survey fees may be low, Mr. Wolfe also stated the survey was nevertheless valid for his area.

## ORDER

The Employer/Insurer, ISLAND FORK CONSTRUCTION, LTD./ WEST VIRGINIA CWP FUND, **SHALL PAY** Claimant's counsel, Mr. Joseph E. Wolfe, a total of $3,225.00 in attorney fees. However, the award of attorney fees is conditional and will not be effective until such time that the award of black lung disability benefits to the Claimant, Mrs. Deborah G. Blevins, becomes final and reflects a successful prosecution of the claim.

**SO ORDERED:**                    *Richard T. Stansell-Gamm*

RICHARD T. STANSELL-GAMM
Administrative Law Judge

Date Signed: November 2, 2006
Washington, DC

**NOTICE OF APPEAL RIGHTS:** If you are dissatisfied with the administrative law judge's decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the administrative law judge's decision is filed with the district director's office. See 20 C.F.R. §§ 725.458 and 725.459. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. See 20 C.F.R. § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board.

After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed.

At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Allen Feldman, Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. See 20 C.F.R. § 725.481.

If an appeal is not timely filed with the Board, the administrative law judge's decision becomes the final order of the Secretary of Labor pursuant to 20 C.F.R. § 725.479(a).

## SERVICE SHEET

Case Name: BLEVINS_DEBORAH_GWID_v_ISLAND_FORK_CONSTRUC_

Case Number: 2006BLA05543

Document Title: Supplemental Decision and Order - Partial Award of Attorney Fees

I hereby certify that a copy of the above-referenced document was sent to the following
this 3rd day of November, 2006:

Shee Joyce neal

**SHEILA JOYCE NEAL**
**LEGAL ASSISTANT**

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor   .
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
        *(Hard Copy - Regular Mail)*

WV CWP Fund
c/o Brickstreet Admin Services
PO Box 564
Charleston, WV 25322-0564
        *(Hard Copy - Regular Mail)*

Island Fork Constructin Ltd
3481 Robert C. Byrd Drive
Beckley, WV 25801
        *(Hard Copy - Regular Mail)*

.... .
... ... ' .
        *(Hard Copy - Regular Mail)*

Christopher M. Hunter, Esq.
Jackson Kelly
1600 Laidley Tower
PO Box 553
Charleston, WV 25322
        *(Hard Copy - Regular Mail)*

Joseph E. Wolfe, Esq.
Wolfe, Williams, & Rutherford
PO Box 625
Norton, VA 24273-0625
        *(Hard Copy - Regular Mail)*

**U.S. Department of Labor**

Office of Administrative Law Judges
800 K Street, NW, Suite 400-N
Washington, DC 20001-8002

(202) 693-7300
(202) 693-7365 (FAX)



MAY 03 2007

WOLFE WILLIAMS & RUTHERFORD
Issue Date: 03 May 2007

*In the Matter of*
**L.O.C., (Widow) of**
**D.B.C., (Dec'd)**
    Claimant

    v.

**VIRGINIA POCOHONTAS COMPANY, INC.,**            Case No.    2006-BLA-05015
    **Employer**

    and

**DIRECTOR, OFFICE OF WORKERS'**
**COMPENSATION PROGRAMS**
    Party-in-Interest


APPEARANCES:
    Joseph E. Wolfe, Esquire
        Claimant
    Ashley M. Harman, Esquire, Jackson Kelly PLLC
        For the Employer

BEFORE:        DANIEL F. SOLOMON
               Administrative Law Judge

# SUPPLEMENTAL DECISION AND ORDER
## AWARDING ATTORNEY'S FEES

This proceeding arises from a request for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* A hearing was held in Abingdon, Virginia on June 27, 2006, after which a favorable Decision and Order was entered January 5, 2007.

On February 5, 2007, the Claimant's Counsel, Joseph E. Wolfe, submitted a Motion for Approval of Attorney's Fees. I also received a response from the Employer's Counsel objecting to the requested rate on grounds that it was unreasonable and exceeded the rate typically assessed in Black Lung claims. The Claimant's Counsel seeks:

| | |
|---|---|
| $11,040.00 for himself | for 27.60 hours at $400 per hour |
| $450.00 for W. Andrew Delph, Esquire | for 2.25 hours at $200 per hour |
| $900.00 for legal assistant | for 9.0 hours at $100 per hour |

The Employer argues that the Petitioner has not proffered evidence to show that he is entitled to the amount requested, that the requested rates exceed those charged by attorneys in Black Lung

cases, that a rate between $200.00 and $250.00 per hour has been held to be appropriate by the Fourth Circuit, that I had reduced Attorney Wolfe's requested hourly rate from $400.00 to $250.00 as recently as January 30, 2007, and that the use of Altman Weil's 2006 Survey of Law Firm Economics is inappropriate because the cited figures in the Survey are skewed.

The Regulations provide that an approved attorney's fee shall be reasonably commensurate with the necessary work done and shall take into account the quality of the representation, the complexity of the legal issues involved, and the amount of the benefits awarded. 20 C.F.R. § 702.132; *Newport News Shipbuilding and Dry Dock Co. v. Graham*, 573 F.2d 167 (4th Cir. 1978).

The review of a fee petition requires the administrative law judge to decide whether, at the time counsel performed the service, counsel could reasonably regard it as necessary to establish entitlement and whether the amount of time expended was excessive or unreasonable. *Jones v. Badger Coal Co.,* BRB No.97-1393 BLA (1994); citing *Lanning v. Director, OWCP,* 7 BLR 1-314 (1984); *Robel v. Director, OWCP,* 7 BLR 1-358 (1984); *Marcum v. Director, OWCP,* 2 BLR 1-894 (1980). Lastly, if an administrative law judge is to reduce the amount of an attorney's fee award from the amount requested, (s)he is required to provide sufficient explanation of reasons for the reduction. *Beacham v. Atlantic & Gulf Stevedores, Inc.,* 7 BRBS 940 (1978).

## Hourly Rate
### *For attorneys*

To determine whether a rate is appropriate, several factors must be considered, including the location of counsel, his or her years of experience, the level of expertise, and the complexity of the case. Additional factors which may be considered are delay in payment and the amount of the award of benefits. *Helton v. Director, OWCP,* 6 B.L.R. 1-176 (1933).

Petitioner advises that he has 31 years of experience and received his degree from the University of Virginia. I have awarded Petitioner $250 per hour in other contested cases. E.G. *Reedy v. Clinchfield Coal Company,* 2004-BLA-00058 (June 6, 2005); *Spencer v. Dominion Coal,* 2004-BLA-05130 (July 1, 2005); *Betty S. Smith v. Clinchfield Coal Company,* 2006-BLA-05066 (April 11, 2006); and *V. M., Widow of W. M. v. Oliver Coal,* 2005-BLA-06297 and 2005-BLA-06298 ( December 19, 2006).

I further note that Mr. Wolfe received an uncontested hourly rate of $250 per hour in *Billy Ray Cline v. Rogers Coal Co, Inc,* 2003 BLA 05644 (ALJ decision, July 27, 2004) and in *Reedy v. Clinchfield Coal Company,* 2004-BLA-00058 (June 6, 2005), *Spencer v. Dominion Coal,* 2004-BLA-05130 (July 1, 2005) and *C.R., Widow of D.R., v. Southern Trucking,* 2006-BLA-05047 (December 18, 2006).

In *Nora L. Horne, Survivor of David Horne v. Bishop Coal Company,* 2003 -BLA-5221 (ALJ decision, 2004), Administrative Law Judge Alice Craft reviewed Petitioner's fee petition in another contested case involving another law firm, and awarded him and another associate fees based on hourly rates of $250 per hour and $200 per hour, respectively, after consideration of objections by counsel.

I do not accord any precedent to these cases, but I do note that it shows that Petitioner has received lesser fees based on similar allegations.

The Survey submitted in support of the fee petition by the Claimant's Counsel is as of January 2006, one year ago. The Employer objects to the use of the Survey because the inclusion of New York, Washington DC, Maryland, and Pennsylvania skew the results. I note the objection, but note that the Employer's assertion is based on states that traditionally belong to the

-2-

Mid-Atlantic region, not the region under consideration in this case. The attorney's geographical area of practice, West Virginia and southern Virginia, are considered part of the South Atlantic region. The fees considered are based on those in the South Atlantic region which, on average, are lower than those of the Mid-Atlantic. Furthermore, reference to the Survey is only one factor that may be used to prove that the claimed hourly rates are reasonable. Petitioner has not proffered any evidence that circumstances have changed in billing. The Survey provides a considerable range of fees for the South Atlantic region. As noted in the Attorney Fee Petition, the range is as follows: $281.00 to $463.00 for attorneys with 31 or more years of experience, $280.00 to $450.00 for attorneys with 21 or more years of experience, $250.00 to $415.00 for attorneys with 16 to 20 years of experience, $230.00 to $395.00 for attorneys with 11 to 15 years of experience, $210.00 to $360.00 for attorneys with 8 to 10 years of experience, $185.00 to $319.00 for attorneys with 6 or 7 years of experience, $175.00 to $290.00 for attorneys with 4 or 5 years of experience, $165.00 to $250.00 for attorneys with 2 or 3 years of experience, and $151.00 to $220.00 for attorneys with less than 2 years of experience.

Petitioner asserts that Claimants prevail only 5% of the time. Black Lung cases are speculative in that a fee may not be assessed against the Employer where the claimant does not prevail. *General Dynamics Corp. v. Horrigan*, 848 F.2d 321 (1st Cir. 1987), *cert. denied*, 109 S.Ct. 554 (1988). Although prosecution of a Black Lung claim is not as complicated as some litigation, it is a unique area of law with distinct intricacies. According to proposed regulatory material, since the Act was amended in 1981, at the Office of Administrative Law Judges, the approval rate for such claims during the same period rose only to 7.6 percent. Nevertheless, In recent cases, the Fourth Circuit has declined to use a contingency multiplier to account for the risk of loss in black lung claims. In *Broyles v. Director, OWCP*, 974 F.2d 508 (4th Cir. 1992), the court declined to consider risk of loss to enhance a fee award. *See also Simkins v. Director, OWCP*, 53 F.3d 329 (4th Cir. 1995)(table); *Stollings v. Director, OWCP*, 43 F.3d 1468 (4th Cir. 1994)(table). The Board has generally held that enhancement for risk of loss in black lung claims is inappropriate. *See Gibson v. Director, OWCP*, 9 B.L.R. 1-149 (1986); *Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983) (risk of loss is a constant factor in black lung litigation and is, therefore, deemed incorporated into the hourly rate). As jurisdiction vests in the Fourth Circuit, I cannot consider the low success rate in the approval of black lung claims as a factor in determining the amount of the award in a fee petition.

Employer asserts that the Fourth Circuit has established the appropriate hourly rate for federal black lung claims falling within their jurisdiction as $200.00 per hour, citing to *Consolidation Coal Co. v. Williams*, No. 05-2108 (4th Cir. Dec. 27, 2006). It further argues that the rate should be lower for work performed before the administrative agency as opposed to the Circuit Court. I performed a search of the cited case, and find that it is unpublished. Local Rule 36. Further from the Order, the context is not apparent. The decision does not set precedent.

The Employer also notes that I have reduced Attorney Joseph Wolfe's requested hourly rate from $300.00 to $250.00 per hour for work performed before me in a federal black lung case. *See Westmoreland Coal Co., Inc. v. Barker*, No. 04-1869 (4 Jan. 2006)(unpub.) Because several factors must be considered when awarding attorney's fees, the rate awarded to an attorney in one case does not necessarily preclude a decrease or increase of the rate awarded to the same attorney in subsequent cases. Among the factors considered are the location of the representative or counsel, his or her years of experience, the level of expertise, the complexity of the case, delay in payment, and the amount of the award of benefits. *See Helton v. Director, OWCP*, 6 B.L.R. 1-176 (1983).

- 3 -

The Employer's assertion implies that the two cases are similar. I accept this assertion and note that this case presents no extenuating circumstances, and the complexity of the issues are not substantially different from those in *Westmoreland Coal Co. v. Barker, supra*, in which I awarded attorney's fees to Mr. Wolfe in the amount of $250.00 per hour. In the prior case, the petitioner had submitted a 2002 Survey of Law Firm Economics. My Decision in that case was partly based on the Altman Weil's 2002 Survey of Law Firm Economics. Petitioner has now submitted an updated, 2006 Survey showing a 16% average increase in the lowest quartile and upper quartile of hourly billing rates. Generally, fees are awarded based upon hourly rates in effect at the time of representation. The 2006 Survey corresponds to the period of Counsel's representation of the Claimant. This is a factor taken into consideration when assessing the fee.

Finally, because the amount of benefits is set by law, "counsel bears the burden of demonstrating how the quality of representation affected the amount of benefits received if he or she wishes this factor to be considered." *See Allen v. Director, OWCP*, 7 B.L.R. 1-330 (1984)(emphasis in original). Because the Claimant's Counsel has not addressed this issue I will not consider this factor in my assessment of the award.

I have reviewed Petitioner's application for a representative's fee in accordance with the applicable regulations. I find that the services rendered by Petitioner were necessary in pursuit of benefits for Claimant. Additionally, I find that the time spent by Petitioner was not excessive. However, I do not accept that $400 per hour has been proven. Therefore, considering all of the factors, I find that $300 per hour more accurately represents local practice in Black Lung cases. I accept petitioner's request of a $200 per hour billing rate for Mr. Andrew Delph, Esquire.

*For a Paralegal*

Petitioner requests $100.00 per hour for work done by legal assistants. No information is provided for the legal assistant[s]. Petitioner has failed to prove that $100 is a reasonable rate. However, there is support proffered for Employer's suggested $75 per hour rate.

### CALCULATION

| | | | | | |
|---|---|---|---|---|---|
| Petitioner | for 27.6 hours | at $300 per hour | = | $8280.00 |
| Andrew Delph, | for 2.25 hours | at $200 per hour | = | 450.00 |
| Legal assistant (s) | for 9.0 hours | at $75 per hour | = | 675.00 |
| Total Fees | | | | $9405.00 |

### ORDER

In light of the foregoing, **Virginia Pocohontas Company** is hereby **ORDERED** to pay Wolfe, Williams and Rutherford, a sum of $9405.00 for representation services to Claimant.

**SO ORDERED.**

DANIEL F. SOLOMON
Administrative Law Judge

**NOTICE OF APPEAL RIGHTS**: If you are dissatisfied with the supplemental decision, you may file an appeal with the Benefits Review Board ("Board"). To be timely, your appeal must be filed with the Board within thirty (30) days from the date on which the decision is filed with the district director's office. See 20 C.F.R. §§ 725.458 and 725.459. The address of the Board is: Benefits Review Board, U.S. Department of Labor, P.O. Box 37601, Washington, DC 20013-7601. Your appeal is considered filed on the date it is received in the Office of the Clerk of the Board, unless the appeal is sent by mail and the Board determines that the U.S. Postal Service postmark, or other reliable evidence establishing the mailing date, may be used. See 20 C.F.R. § 802.207. Once an appeal is filed, all inquiries and correspondence should be directed to the Board.

After receipt of an appeal, the Board will issue a notice to all parties acknowledging receipt of the appeal and advising them as to any further action needed.

At the time you file an appeal with the Board, you must also send a copy of the appeal letter to Allen Feldman, Associate Solicitor, Black Lung and Longshore Legal Services, U.S. Department of Labor, 200 Constitution Ave., NW, Room N-2117, Washington, DC 20210. See 20 C.F.R. § 725.481.

If an appeal is not timely filed with the Board, the supplemental decision becomes the final order of the Secretary of Labor pursuant to 20 C.F.R. § 725.479(a).

**SERVICE SHEET**

Case Name: CHURCH_LEONA_OWID_v_VIRGINIA_POCAHONTAS__

Case Number: 2006BLA05015

Document Title: **Supplemental Decision and Order Awarding Attorney's Fees**

I hereby certify that a copy of the above-referenced document was sent to the following this 3rd day of May, 2007:

*Judith E. Hardesty*

**JUDITH HARDESTY**
**LEGAL ASSISTANT**

District Director
Chief, Branch of Claims and Systems Mgmnt
U. S. Department of Labor
Room C-3521, FPB
200 Constitution Ave., N.W.
Washington, DC 20210
*(Hard Copy - Regular Mail)*

L
PO

5
*(Hard Copy - Certified Mail)*

Associate Regional Solicitor
U.S. Department of Labor
22nd Floor West
1100 Wilson Boulevard
Arlington, VA 22209
*(Hard Copy - Regular Mail)*

William S. Mattingly, Esq.
Jackson and Kelly
PO Box 619
Morgantown, WV 26507
*(Hard Copy - Certified Mail)*

Joseph E. Wolfe, Esq.
PO Box 625
Norton, VA 24273-0625
*(Hard Copy - Certified Mail)*